BEN GREEN v. STATE.

163 So. 712.
Opinion Filed October 28, 1935.

*Roger Edward Davis,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction for the offense of breaking and enter-

ing a building, to-wit, a dwelling house, with intent to commit a felony, to-wit grand larceny.

The assignments of error numbered 1 to 8 inclusive, challenge the ruling of the trial court in overruling motion for a new trial. The motion for new trial contained eight grounds, stated as follows:

"1. The verdict is contrary to the law.

"2. The verdict is contrary to the evidence.

"3. The verdict is contrary to the law and to the evidence.

"4. The court failed, in its instructions to the jury, to charge all the law as applicable to the above cause.

"5. The court erred in its instructions to the jury in reference to the impeachment of a witness.

"6. The court failed to adjudge the defendant guilty.

"7. The sentence of the court is excessive.

"8. The sentence of the court is unnecessarily cruel and severe as evidenced by the remark of the court to the effect that the court would make the sentence such that it would be unnecessary to prosecute another case then pending against the said defendant."

It will be observed that the first three grounds stated are general and present the question as to whether or not the evidence was sufficient to warrant the verdict and judgment. The fourth ground is of no avail because the record shows that no exceptions were taken to the charge of the court and no additional charges were requested and refused. The fifth ground is of no avail because it is too vague and indefinite to bring to the attention of the court the matter sought to be complained of. The sixth ground is of no avail because it is not sustained by the record. The seventh and eighth grounds challenge the wisdom of the sentence

imposed by the court and its imposition was a matter within the discretion of the court. If it was excessive the forum in which to question that is that set up by the Constitution, the State Board of Pardons. The eighth assignment of error is in the following language:

"Defendant contends that the court erred in overruling and denying defendant's motion for a new trial because the Court admitted and/or rejected certain evidence in the trial of the case material and relevant to the issues over the objection of the defendant."

This assignment of error cannot be considered by this Court because it is vague, indefinite, uncertain and points out nothing to be relied on as reversible error. The 9th, 10th and 11th assignments of error are likewise defective.

It, therefore, appears that the only question which is submitted to the Court is that of the sufficiency of the evidence to sustain the judgment. A careful consideration of the evidence discloses that it was sufficient to establish in the minds of the jury the existence of every material fact necessary to the conviction.

Counsel in the brief for plaintiff in error have laid some stress on the fact that certain witnesses were allowed to testify to the identity of certain articles found in the possession of the defendant when he was arrested charged with this offense, which articles were stolen from another house at about the same time the house mentioned in the information in this case was burglarized. While this point is not properly raised either by motion for new trial or by the assignments of error we will say that the evidence complained of was admissible under the rule stated in Wallace v. State, 41 Fla. 547, 26 Sou. 713; and Roberson v. State, 40 Fla. 509, 24 Sou. 474. In the Wallace case it was said:

"Evidence of another distinct crime committed by a de-

fendant in no way connected by circumstances with the one for which he is being tried, is inadmissible; but proof of any fact with its circumstances, even though amounting to a distinct crime, if it has some relevant bearing upon the issue being tried, is admissible.

"Evidence of defendant's act prior or subsequent to the alleged offense which logically tend to prove the criminal intent or guilty knowledge where they are material is admissible, even though such evidence tends to prove the commission of another offense. Likewise, where the crime charged is one of a system of criminal acts occurring so near together in point of time and so nearly similar in means as to lead to the logical inference that they are all mutually dependent and committed in pursuance of the same deliberate criminal purpose and by means planned beforehand, evidence of such other acts is admissible even though those acts amount to another criminal offense."

In the Roberson case we said:

"Evidence of another and distinct crime committed by a defendant in no way connected by circumstances with the one for which he is being tried is inadmissible, but proof of any fact with its circumstances, even though amounting to a distinct crime, if it has some relative bearing upon the issue being tried is admissible."

Finding no reversible error in the record, the judgment should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

DAVIS, J. (concurring).—In this case the transcript contains no proper index nor do the briefs of plaintiff in error refer (as required by our rules) to the particular pages in

the transcript where the happenings complained of in the assignments of error can be found. Such omissions are a great burden on the Justices who are compelled by such omissions to make and note their own index references on the margin of the briefs in order to intelligently consider the case. I assume a mere calling of such omissions to the attention of the bar will result in a remedy of such faults in briefing in the future.

A reading of the record of the trial in this case demonstrates certain improprieties on the part of the trial judge in the conduct of the trial that, were they properly objected to at the time of their occurrences, would assuredly be grounds for a new trial. A sarcastic interjection of questions by the court especially when addressed to the defendant while testifying in his own behalf, has no place in a criminal trial as its inevitable tendency is calculated to prejudice the accused by impressing the jury with the idea that the court is taking judicial notice of the falsity of what accused is attempting to relate as a witness. Also, a trial judge should carefully refrain from making any disparaging remarks to a defendant's witness the effect of which is to give rise to a feeling of race prejudice on the part of a white jury trying a negro defendant.

I commend as a guide for trial judges to follow in cases of this kind the following excerpt from an article appearing in the October, 1935, issues of the "Florida Law Journal" (Vol. IX, No. 8, text page 527) entitled "Judicial Ethics—The Judge and His Relations to the Lawyer, the Jury and the Public," written by Honorable C. O. Andrews, a former Commissioner of this Court:

"While a Judge may properly intervene in a trial of a case to prevent unnecessary waste of time or to clear up some obscurity, he should always bear in mind that any undue in-

terference, impatience, or participation in the examination of witnesses, or a severe attitude on his part toward witnesses, especially those who are excited or ill at ease by reason of their being unaccustomed to the circumstances of a trial, may tend to prevent the proper presentation of the cause or the ascertainment of the truth in respect thereto."

BROWN, J., concurs.