ALLEN, Judge.
The appellant appeals from a judgment and sentence which he received as a result of a conviction on a manslaughter charge tried in the Criminal Court of Record of Orange County.
The information was in two counts. One, that the defendant caused the death of one, Henry Clay Austin, through culpable negligence in operating an automobile, and second, that he caused such death while operating an automobile in an intoxicated condition.
The appellant states two points, which he relies on for reversal of the lower court, said points being as follows:
Point I. The trial court’s refusal to grant defendant’s motion for a short recess when witness Austin testified on direct examination constituted reversible error.
Point II. The sentence is improper because it is not in harmony with the punishment prescribed by the Legislature of the State of Florida in Sections 782.07 and 860.01, Florida Statutes [F.S.A.].
The appellant’s Point I was based on a motion which the appellant made during the testimony of the surviving widow of the deceased, Henry Clay Austin, who was called to the witness stand to identify, a cap of the deceased and to identify a photograph of her deceased husband taken at the scene of the accident. The testimony of Mrs. Austin was very brief; it appears in the record as follows:
“Mrs. Margie Austin, a witness called for and in behalf of the State of Florida, having been first duly sworn, was examined and testified as follows:
Direct Examination
“Q. (By Mr. Cooper) What is your name, please, ma’am? A. Margie Austin.
“Q. Are you married, ma’am? A. Yes, I am.
“Q. To whom are you married? A. Henry Clay Austin.
“Q. Where did you all live before October 30th, 1957? A. We lived on Clarcona Road here in Orange County.
“Q. When was the last time you saw Henry Clay Austin on that day? A. I saw him about 4:30 in the morning before I went to work.
“Q. Now I will have to ask you Mrs. Austin for identification. Do you recognize this cap, Mrs. Austin? A. (In tears) Yes.
“Mr. Cooper: I am sorry, ma’am.
“Mr. Ayers: Your Honor, the defense asks for a short recess, prejudicial to the jury.
“Mr. Cooper: I don’t know if it'is prejudicial, but if it will help Mrs. Austin—
“The Witness. I will be all right, yes, I think so.
“Q. (By Mr. Cooper) Was that your husband’s cap, ma’am? A. Yes, it was.
“Q. I just want to show you one of these, ma’am. Is that a picture of your husband? A. (In tears) Yes.
“Mr. Ayres: Your Honor, let the record show that the witness is in tears and that the defense moves again for a short recess on the grounds that this is prejudicial to the defendant’s rights herein.
*373 “Mr. Cooper: Judge, that is the last question I am going to ask her. I just had to identify—
“The Court: Motion denied. She is through now.
“Mr. Cooper: Yes.
“The Court: You want to ask her anything?
“Mr. Ayers: No.
“Mr. Cooper: Thank you, Mrs. Austin.
“The Witness: Should I go outside?
“Mr. Cooper: You just go on out to the witness room, please. Thank you.”
It will he observed that when the attorney for the appellant asked for a recess at the start of Mrs. Austin’s testimony when, as the record shows, she was “in tears,” the county solicitor, Mr. Cooper, stated, “I don’t know if its prejudicial, but if it will help Mrs. Austin,” he apparently would not object. Mrs. Austin then replied, “I will be all right. Yes. I think so.” It is natural for a widow, several months after the death of her husband, to be in tears on being reminded of something connected with his death. It is always possible, of course, that the jury can he affected; but it is a hazard that the defendant has to meet, for naturally, in a case of this kind, the state must generally use the strongest witness it can for. identification purposes. It cannot be seen, as far as the present record is concerned, that the result of this case would have been affected by the testimony above set forth, especially since the record overwhelmingly shows the guilt of the defendant. In fact, the appellant does not question the sufficiency of the evidence to convict him.
The second point of the appellant, complains, in effect, of the court’s sentencing the defendant to five years in the state penitentiary since the defendant was 75 years old and had suffered a heart attack prior to his trial.
The maximum sentence that the court could have imposed under the Florida law (Section 782.07, Fla.Stat., F.S.A.) is twenty years. The determination of the sentence is within the discretion of the trial judge so long as he does not exceed the statutory maximum. See Brown v. State, 152 Fla. 853, 13 So.2d 458; Walker v. State, Fla. 1950, 44 So.2d 814.
No error appearing in the record, the lower court must be affirmed.
Affirmed.
KANNER, C. J., and SHANNON, J., concur.