168 So.2d 787 (1964)
Irene WELLS, Constance Jackson, and Pearlie Mae Reid, Appellants,
v.
The STATE of Florida, Appellee.
No. 64-356.
District Court of Appeal of Florida. Third District.
November 10, 1964.
Rehearing Denied December 8, 1964.
*788 Kessler & Gars, Miami, for appellants.
James W. Kynes, Jr., Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
HORTON, Judge.
The appellants seek reversal of convictions on counts 2 and 4 of an information charging them with gambling law violations. Count 2 alleges an offense under § 849.09(1) (d), Fla. Stat., F.S.A., aiding or assisting in the setting up, promoting or conducting of a lottery. Count 4 alleges an offense under § 849.09(1) (h), Fla. Stat., F.S.A., possession of lottery tickets. On this appeal we shall concern ourselves with the trial court's failure to hear the appellant's motion to suppress evidence prior to the trial on the merits, the trial court's eventual denial of that motion, the sufficiency of the evidence to sustain the conviction under § 849.09(1) (d), supra, and the correctness of the imposition of sentence. We concern ourselves with the conviction under count 4 only with regard to the sentence imposed.
We fail to find reversible error in the trial court's failure to hear appellant's motion to suppress the evidence prior to the trial on the merits. There is no statutory or other requirement that such motion be heard prior to trial although it may be better practice to do so. The trial judge was acting as the trier of fact and chose to dispose of the motion during the course of the trial. The appellants have not demonstrated any prejudice resulting from such procedure.
Passing now to the court's denial of appellants' motion to suppress, we have examined the record pertaining to the search and conclude that the trial court's action was proper. In addition, we have reviewed the entire record and find, as did the able trial judge, sufficient evidence to support the conviction. See Sharon v. State, Fla.App. 1963, 156 So.2d 677, 679. No useful purpose would be served by delineating the evidence produced in support of the charges.
Turning to the sentences imposed, the record shows that the convictions on the two offenses were for a felony  count two, and a misdemeanor  count 4. Each count was a facet of a single transaction. Separate sentences were imposed on each count. It is established law in Florida that where convictions are entered on two offenses, each of which constitutes a facet of a single transaction, it is improper to impose sentence on each. Williams v. State, Fla. 1953, 69 So.2d 766; Tribue v. State, Fla. 1958, 106 So.2d 630; Sharon v. State, supra. In such a case, only one sentence should be imposed and that sentence should be on the highest offense charged. Sharon v. State, supra.
Accordingly, the judgment of conviction and sentence as to count 2 is affirmed; but inasmuch as the judgment and sentence on count 4 pertains to a misdemeanor, appellate jurisdiction lies only to the circuit court of Dade County, Florida, and we have no jurisdiction to review it, §§ 5 and 11, Article V, Constitution of Florida, F.S.A.; § 924.08, Fla. Stat., F.S.A., except to order a proper judgment or sentence by reason of the fact that misdemeanors and felonies are charged in different counts of the same information charging variations of only one offense. Williams v. State, supra.
*789 The judgments and sentences as to count 2 (felony) are affirmed, but the cause is remanded to the trial court to impose a proper sentence as to count 4, not inconsistent with this opinion.
Affirmed with directions.