197 So.2d 542 (1967)
Maria Christina INFANTE, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-602.
District Court of Appeal of Florida. Third District.
April 11, 1967.
*543 Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
Maria Christina Infante appeals a judgment of conviction and the sentence of ten years in the State Prison for robbery. We affirm.
Appellant was charged by information with the crime of robbery. Pleas of not guilty and not guilty by reason of insanity, were entered. Plaintifff was adjudicated sane; she waived trial by jury and stood trial before the court. She was found guilty and after presentence investigation, she was sentenced. On this appeal her first point is directed to a claimed error in the admission into evidence of statements she made to the arresting officer. We find no error under this point upon authority of Montgomery v. State, Fla. 1965, 176 So.2d 331; Watson v. State, Fla. 1966, 190 So.2d 161.
Appellant's second point seeks a determination by this Court that the sentence of ten years in the State Prison for the crime of robbery is excessive under the circumstances of this case. It is urged that because the defendant is a young adult without previous criminal record, and because she is in need of psychiatric treatment, the sentence is excessive. The sentence is within the limits of the punishment imposed by the statute. See § 813.011, Fla. Stat., F.S.A. We hold that this Court has no power to reverse a sentence within the bounds set by the statute upon the ground that the sentence shows an abuse of the discretion exercised by the trial court.
The appellant suggests that § 924.06 Fla. Stat., F.S.A. grants to the appellate court the right to review a sentence upon the ground that it is excessive under the circumstances of the case, even though the sentence is within the limits of the penalty prescribed in the statute for the punishment *544 of the particular crime. The pertinent portions of the statute are as follows:
"924.06 Appeal by defendant.  An appeal may be taken by the defendant only from:
* * * * * *
"A sentence, on the ground that it is excessive or illegal."
It is established in this State that a determination of the sentence to be imposed falls within the discretion to be exercised by the trial court. The exercise of discretion will not be disturbed if the sentence imposed does not exceed the bounds established by statute. Brown v. State, 1943, 152 Fla. 853, 13 So.2d 458; Walker v. State, Fla. 1950, 44 So.2d 814; Rohdin v. State, Fla.App. 1958, 105 So.2d 371.
The language of the statute granting a right of appeal to the defendant from a sentence on the ground that it is excessive or illegal does not refer to a claimed excessiveness upon the basis of the circumstances of the particular defendant, but refers to punishment not prescribed by law or in addition to that, prescribed by law.
In ascertaining the meaning and effect to be given the word "or" the legislative intent is the determining factor. The conjunctive "or" is often used to join two aspects of the same entity rather than two separate entities; thus, the language used by the legislature in this statute may be sensibly construed to mean that a sentence is excessive when it exceeds the punishment prescribed. See Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51 (1927); Payne v. Payne, 82 Fla. 219, 89 So. 538 (1921).
In addition, the legislature has upon occasion considered the amendment of § 924.06, Fla. Stat., F.S.A. to provide for the specific type of review we are now requested to imply. Inasmuch as the legislature has not expressly provided for a review upon appeal of the discretion of the trial judge in the imposition of sentences which are not excessive or illegal under the various penalty provisions of the statutes, we hold that this power may not be implied at this late date from a statute which has been in existence in substantially its present form since 1939.
We think that this interpretation of the statute is implicit in the decisions of the Supreme Court which hold that a sentence will not be reversed where it is within the bounds of the penalty prescribed by statute. See cases above cited.
The legislature has provided a method for judicial mitigation of sentences. See § 921.13 Fla. Stat., F.S.A. In addition there has been provided a review of sentences by the State Pardon Board. See § 947.16 Fla. Stat., F.S.A. It therefore appears that an additional method for the review of the propriety, as distinguished from the legality of sentences, was not intended by § 924.06, Fla. Stat., F.S.A.
The sentence and judgment are affirmed.
Affirmed.