PER CURIAM.
John L. Darby was informed against, tried before a jury, and convicted of the crime of robbery. On this appeal he urges reversal, claiming: (1) the evidence is insufficient to sustain a conviction because the only evidence that he was at the scene of the crime is the testimony of a convicted accomplice; (2) the court erred in using an interpreter whose work was accurate but confusing; (3) the sentence is excessive. We find no prejudicial error and affirm the judgment and sentence.
While the testimony of an accomplice should be closely scrutinized and received with great caution, it is competent and may be sufficient to convict an accused. The credibility of a witness lies exclusively within the province of the jury. Here, since the jury believed the testimony of the accomplice, we hold that that testimony together with the other evidence adduced at trial was sufficient to sustain the conviction. See Jackman v. State, Fla.App.1962, 140 So.2d 627.
The use of an interpreter is a matter within the discretion of the trial judge. Watson v. State, Fla.1966, 190 So.2d 161. The record fails to show an objection by the appellant to the employment of an interpreter and also fails to reveal any prejudice to the appellant resulting from such employment.
The point directed to the sentence is without merit. An appellate court of this state will not disturb a sentence which is within the limit set by statute. Infante v. State, Fla.App.1967, 197 So.2d 542. The sentence of the appellant, thirty-five years in the state penitentiary, is within the limit set by § 813.011, Fla.Stat., F.S.A.[1]
Affirmed.

. “Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.”