PIERCE, Judge.
This is an appeal by appellant Andre Lee Shellman from an adjudication of guilt and sentence by the Court upon a plea of guilty to an information charging breaking and entering an automobile with intent to commit petit larceny.
The only contention urged in behalf of Shellman in this Court is that the trial Judge was in error in sentencing the defendant to the statutory maximum sentence of ten years in the State Prison. But the rule was definitely laid down by the Florida Supreme Court in Brown v. State, 1943, 152 Fla. 853, 13 So.2d 458, that—
“* * * jn cases where the objection is to the particular sentence, and not to the statute under which it has been imposed, a sentence which is within the limit fixed by statute is not cruel and unusual and is therefore valid, no matter how harsh and severe it may appear to be in a particular case, because the constitutional prohibition has reference to the statute fixing the punishment, and not to the punishment assessed by the jury or court within the limits fixed by statute. If the statute is not in violation of the Constitution, then any punishment assessed by a court or jury within the limits fixed thereby cannot be adjudged excessive, for the reason that the power to declare what punishment may be assessed against those convicted of crime is not a judicial power, but a legislative power, controlled only by the provisions of the Constitution.”
The above holding in Brown was followed in Walker v. State, Fla.1950, 44 So.2d 814. See also Rohdin v. State, Fla.App.1958, 105 So.2d 371; Infante v. State, Fla.App.1967, 197 So.2d 542; and Dickin *790 son v. State, Fla.App.1965, 170 So.2d 594. See also Green v. State, 1935, 121 Fla. 307, 163 So. 712.
F.S. Section 810.051, F.S.A. provides that “Whoever breaks and enters any automobile * * * with intent to commit any crime * * * shall be guilty of a felony and shall be punished by * * * imprisonment * * * for not more than ten years in the state prison * * ”. Concededly, this may be a harsh maximum punishment, considering that the breaking and entering the dwelling of another with intent to commit a misdemeanor is punishable by imprisonment in the state prison not exceeding five years, F.S. § 810.05 F.S.A. But the fixing of minimum and maximum terms of imprisonment for criminal convictions is exclusively the province of the legislature, and the imposition of punishment within such limitations is a matter for the trial Court in the exercise of its discretion, which cannot be inquired into upon the appellate level.
The judgment appealed from is therefore affirmed.
LILES, C. J., concurs.
MANN, J., concurs in the judgment.