PIERCE, Judge.
The first nine of the foregoing ten appeals grew out of direct informations filed in the Pinellas County Circuit Court charging appellant Herschel Lee DeLoach with another not here joined with entering without breaking certain named outdoor pay telephone booths with intent to commit petit larceny. In the tenth appeal, Case No. 69-528, the same two defendants were charged with possession of burglarious tools designed for breaking open telephone units.
To each of the informations DeLoach filed motion to suppress the evidence on the ground of “unreasonable arrest, search and seizure”, and also filed separate motion to dismiss for failure to state an offense. All motions were in due course denied and, after first pleading not guilty, DeLoach later changed his plea to guilty as to each information. DeLoach was thereupon adjudged guilty upon each charge and sentenced to imprisonment. Later he filed a “Petition for Reconsideration of Sentence” and the Court accordingly reduced sentences in all except in Case No. 69-528 on appeal, as to which the Petition for Reconsideration was denied.
Notices of appeal were filed in all cases. However, to all intents and purposes, the appeals in all cases, except in No. 69-528, have been abandoned and should be now dismissed by this Court of its own motion.
The sole brief filed here is directed only to Assignment of Error No. 7, relating to denial of Motion for Reconsideration of Sentence in appeal case No. 69-528, the burglarious tool case. The sole argument in the brief in support of this assignment is a discussion of the “philosophy” of F.S. § 921.18, F.S.A., the indeterminate punishment statute and the discussion of that section by the Supreme Court of Florida in Carnley v. Cochran, Fla.1960, 118 So.2d 629, with emphasis on the “possibility for rehabilitation”.
But appellate Courts are concerned only with the legality of sentence, not the “philosophy” or the discretionary imposition of sentence confided to trial Courts. Presha v. State, Fla.App.1968, 216 So.2d 790; Darby v. State, Fla.App.1968, 216 So.2d 29; Davis v. State, Fla.1960, 123 *766 So.2d 703; Le Prell v. State, Fla.App.1960, 124 So.2d 18; Infante v. State, Fla.App.1967, 197 So.2d 542; Stanford v. State, Fla.1959, 110 So.2d 1.
A reviewing Court cannot disturb a sentence which is within the limits set by statute. The sentence in appeal No. 69-528 is within such limits and is therefore beyond reach of this Court.
The appeals in cases Nos. 69-519, 69-520, 69-521, 69-522, 69-523, 69-524, 69-525, 69-526 and 69-527 are severally dismissed ex mero mo tu.
The appeal in case No. 69-528 is affirmed.
HOBSON, C. J., and LILES, J., concur.