251 So.2d 283 (1971)
Benjamin MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. O-361.
District Court of Appeal of Florida, First District.
August 17, 1971.
Richard W. Ervin, III, Public Defender, and Robert P. Davidow, Sp. Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
Defendant appeals judgments of conviction and sentences of the following crimes, viz.: Possession of heroin on May 13, 1970; Sale of heroin on May 13, 1970; Sale of cocaine on May 14, 1970; Possession of heroin on May 15, 1970; and Sale of heroin on May 15, 1970. Sentences of 5 years for each conviction were imposed by the trial judge to be served concurrently.
Two points are asserted by defendant on appeal. First, he contends that the court committed reversible error in allowing the jury, over his objection, to take the information into the jury room. Such contention is without merit. Roberts v. State, 188 So.2d 392 (Fla.App.3d, 1966).
Defendant's second point pertains to the sentences upon each count of the information. The convictions of possession and sale of heroin on the 13th day of May, 1970, were upon a facet or phase of the same transaction. The same is true of the convictions of possession and sale of heroin on the 15th day of May, 1970. As stated in Wells v. State, 168 So.2d 787 (Fla.App.3d, 1964):
"* * * It is established law in Florida that where convictions are entered on two offenses, each of which constitutes a facet of a single transaction, it is improper to impose sentence on each. Williams v. State, Fla. 1953, 69 So.2d 766; Tribue v. State, Fla.App. 1958, 106 So.2d 630; Sharon v. State, Fla.App., 156 So.2d 677, supra. In such a case, only one sentence should be imposed and that sentence should be on the highest offense charged. * * *"
Also see Yost v. State, 243 So.2d 469 (Fla. App.3d, 1971). We consider the sale of the contraband to be the more serious, or highest, offense, therefore, the sentences imposed for possession of heroin on the 13th day of May, 1970, and possession of heroin on the 15th day of May, 1970, *284 are set aside. The sentences imposed for sale of heroin on the 13th day of May, 1970, the sale of cocaine on the 14th day of May, 1970, and the sale of heroin on the 15th day of May, 1970, are affirmed.
Affirmed in part and reversed in part.
CARROLL, DONALD K., Acting C.J., and RAWLS and JOHNSON, JJ., concur.