PER CURIAM.
Appellant was convicted after a jury trial on charges of possession and sale of heroin. Both charges arose out of the same criminal transaction.
The first contention made by appellant is that the trial judge committed reversible error by refusing to instruct the jury on the* issue of entrapment as requested by defense counsel. No error has been shown in this regard. See Blackshear v. State, 246 So.2d 173 (Fla.App.1971).
There is merit to appellant’s second point which contends that the trial court erred in imposing separate sentences for possession and sale of heroin when the record reflects that both offenses were a facet of the same transaction. According to the informations filed, both offenses occurred on March 25, 1971, at 10:50 P.M. at Leonard’s Pool Hall, Fairfax Drive in Pensacola, Florida.
In Martin v. State, 251 So.2d 283 (Fla.App.1971), citing from Wells v. State, 168 So.2d 787 (Fla.App.1964), the court stated the controlling rule to be as follows:
“ . . . It is established law in Florida that where convictions are entered on two offenses, each of which constitutes a facet of a single transaction, it is improper to impose sentence on each. [Citations omitted.] In such a case, only one sentence should be imposed and that sentence should be on the highest offense charged. . . . ”
In Martin, supra, we held that the sale of heroin is a more serious or higher offense than possession thereof and therefore set aside the sentences there being considered which had been imposed for possession of heroin, and at the same time we affirmed the sentences imposed for the sale of that narcotic. Following the precedent of the Martin case, we are therefore required to set aside the sentence imposed in the case at bar against appellant for possession of heroin under count one in the amount of five years. The sentence imposed for the offense of sale of heroin under count two in the amount of ten years is affirmed.
Affirmed in part and reversed in part.
SPECTOR, C. J., and CARROLL, DONALD K., and WIGGINTON, JJ„ concur.