PER CURIAM.
This cause having been orally argued before the Court, the briefs and record on appeal having been read and given full consideration, and the appellant having failed to demonstrate reversible error, the judgment of the lower court of conviction is affirmed. See Kraus v. State, 243 So.2d 214 (Fla.App.1971) and Green v. State, 121 Fla. 307, 163 So. 712 (1935).
The sentences imposed in this cause, however, are illegal under the rule laid down in Yost v. State, 243 So.2d 469 (Fla.App.1971) and Martin v. State, 251 So.2d 283 (Fla.App.1971). The latter case is directly in point, involving the sale and possession of heroin. In our opinion in that case we said:
“Defendant’s second point pertains to the sentences upon each count of the information. The convictions of possession and sale of heroin on the 13th day of May, 1970, were upon a facet or phase of the same transaction. The same is true of the convictions of possession and sale of heroin on the 15th day of May, 1970. As stated in Wells v. State, 168 So.2d 787 (Fla.App.3d, 1964):
“ ‘ * * * It is established law in Florida that where convictions are entered on two offenses, each of which constitutes a facet of a single transaction, it is improper to impose sentence on each. Williams v. State, Fla.1953, 69 So.2d 766; Tribue v. State, Fla.App.1958, 106 So.2d 630; Sharon v. State, Fla.App., 156 So.2d 677, supra. In such a case, only one sentence should be imposed and that sentence should be on the highest offense charged. * * 5¡it
“Also see Yost v. State, 243 So.2d 469 (Fla.App.3d, 1971). We consider the sale of the contraband to be the more serious, or highest, offense, therefore, the sentences imposed for possession of heroin on the 13th day of May, 1970, and possession of heroin on the 15th day of May, 1970, are set aside- The sentences imposed for sale of heroin on the 13th day of May, 1970, the sale of cocaine on the 14th day of May, 1970, and the sale of heroin on the 15th day of May, 1970, are affirmed.
“Affirmed in part and reversed in part.”
In the case at bar the first count of the information charges the possession of heroin on March 3, 1971, and the second count charges the sale of heroin on the same date. Since each of the offenses constitutes a facet of a single transaction and since the sale of the contraband is the more serious or highest, offense, the sentence imposed for possession on March 3, 1971, is set aside.
Affirmed in part and reversed in part.
SPECTOR, C. J., and CARROLL, DONALD K., and RAWLS, JJ„ concur.