266 So.2d 43 (1972)
Gabriel GIL, Appellant,
v.
STATE of Florida, Appellee.
No. 71-1358.
District Court of Appeal of Florida, Third District.
July 25, 1972.
Rehearing Denied September 18, 1972.
*44 Engel & Halpern, Miami, and David B. Javits, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant-defendant, Gabriel Gil, appeals from a judgment of conviction of second degree murder and the subsequent life sentence based upon a jury verdict of guilty.
On April 24, 1971 defendant, the deceased, and Antonio Peguera were together when defendant and the deceased became involved in a violent argument that resulted in an exchange of blows. Following the argument the deceased, in a very agitated condition, returned to his home and shortly thereafter he left with a shotgun in search of defendant. Peguera and defendant had stopped at a U-Totem Store on their way home and as the two men attempted to leave the parking lot in their automobile, the deceased drove up behind their vehicle blocking their path. Peguera got out of his car and talked with the deceased in an attempt to calm him, but a struggle ensued over the shotgun which was discharged at least two times. During the struggle over the shotgun, defendant ran back into the store and borrowed a revolver from the clerk. The evidence adduced at trial shows that after defendant arrived back in the parking lot, Peguera had subdued the deceased by wrestling him to the ground and disarming him. Defendant then shot the deceased and at trial claimed his action was taken in self-defense.
On appeal defendant urges that the evidence was insufficient to support a conviction for second degree murder and that self-defense was a viable defense.
In order to take advantage of self-defense in a homicide, the situation must be such as to induce a reasonably prudent person to believe that danger was imminent and that there was a real necessity *45 for the taking of a life. Darty v. State, Fla.App. 1964, 161 So.2d 864. The slayer must actually and reasonably believe that it is necessary to act to save his own life or that of a member of his family. Raneri v. State, Fla.App. 1971, 255 So.2d 291. Further, there is no privilege to use violence upon an assailant after the assailant is disarmed or helpless and all danger is clearly past. Prosser, Law of Torts III (3rd ed 1964).
The facts in the instant case are sufficient to show that after the deceased was subdued and disarmed there existed no real necessity for the taking of his life since defendant was not in imminent danger of death or great bodily harm. The defendant's role was reversed from the pursued to the aggressor, and in this posture defendant cannot claim to be acting in self-defense.
Defendant's remaining points on appeal concern the improper translation of defendant's testimony by the court's interpreter and the subsequent failure of the court to grant a mistrial. Defendant contends that one day during the course of the trial, following the evening recess, a bilingual third party in the courtroom advised the defense attorney that certain words in the translation offered by the interpreter were inaccurate and prejudicial to the defendant.
The selection of a suitable person as an interpreter is largely a matter within the discretion of the trial court. Watson v. State, Fla. 1966, 190 So.2d 161; Darby v. State, Fla.App. 1968, 216 So.2d 29. The particular person, whose services were employed by the court in the instant case, is an excellent interpreter and had been used by the court on many previous occasions. No error was established, no witness called and no affidavits were filed by defendant to substantiate the allegations concerning the inaccurate translations. Further, defendant made no timely objections to the use of this particular interpreter, nor did he raise the question of whether the interpreter had to be sworn as a witness and he is now precluded from raising his objections for the first time on appeal. Thomas v. State, Fla.App. 1971, 249 So.2d 510; Mahone v. State, Fla.App. 1969, 222 So.2d 769; Shea v. State, Fla.App. 1964, 167 So.2d 767.
Accordingly, the judgment and sentence appealed herein are affirmed.
Affirmed.