273 So.2d 796 (1973)
David Ervin BEAGLES, Appellant,
v.
STATE of Florida, Appellee.
No. M-352.
District Court of Appeal of Florida, First District.
March 6, 1973.
*797 M. Howard Williams, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
MILLS, E.R., Jr., Associate Judge.
Appellant seeks reversal of a judgment of conviction and sentence to life imprisonment pursuant to a jury verdict finding him guilty of first degree murder with a recommendation of mercy.
The trial court errors urged by appellant and which require a reversal are as follows:
The trial court erred in allowing into evidence numerous gruesome photographs of the victim, the cumulative effect of which was prejudicial to appellant.
The trial court erred in admitting evidence that appellant's car was observed in the "Blue Sink" area the night before the crime and in permitting the state's attorney to comment during final argument that appellant raped the victim before her murder as such were not only irrelevant but the sole purpose of such evidence was to improperly attack the appellant's character and propensity for crime.
Without objection, the State introduced into evidence 12 black and white photographs showing the victim's feet protruding through the sand of a shallow grave and 6 black and white photographs showing the victim's nude body on its back in the grave.
Appellant admitted the victim's death, how her death occurred, her identity and that a bullet went into her brain and did not come out.
Over appellant's objection that the photographs were inflammatory and unnecessary in view of appellant's admissions, the trial court admitted into evidence 15 color photographs, identified in the record as State's Exhibits 42-46 and 56-65, which showed the following:
Five photographs showing the victim's nude body on its back beside the grave, it having been placed there by the police authorities after removal from the grave. These photographs showed the wounds about the victim's face. Five photographs showing the victim's face and upper nude body while lying on an ambulance cot at the hospital. These photographs showed the wounds about the victim's face, her opened eyes filled with dirt, her opened mouth filled with dirt, her ears filled with dirt, and caked blood on and about her face, mouth and ears. One photograph *798 taken at the morgue showing the side of the victim's face with a bullet hole therein with a bloody hand spreading the hole open. One photograph taken at the morgue showing the victim's skull after removal from her body being measured by hands holding a ruler and a bloody cloth. Three photographs of the victim's face showing the bloody wounds thereon being measured by the pathologist at the morgue.
In addition to the above photographs, some 39 other black and white and color photographs were introduced into evidence by the State showing various articles of the victim's clothing, appellant's automobile, scenes of the offense, and articles used in the commission of the offense.
Five of the offensive color photographs were taken after the victim's body had been removed from the grave and placed beside it, and ten were taken at either the hospital or the morgue after removal of the victim's body from the scene of the offense. Without question, many of the photographs are of a gory and gruesome nature.
In Leach v. State, 132 So.2d 329 (Fla. 1961), the Court stated:
"Where there is an element of relevancy to support admissibility then the trial judge in the first instant and this Court on appeal must determine whether the gruesomeness of the portrayal is so inflammatory as to create an undue prejudice in the minds of the jury and detract them from a fair and unimpassioned consideration of the evidence."
Photographs should be received in evidence with great caution and photographs which show nothing more than a gory or gruesome portrayal should not be admitted.[1]
Ordinarily, gruesome photographs should not be admitted if made after the body has been removed from the scene unless they have some particular relevance.[2]
In prosecution for first degree murder, admission of photographs of victim lying on a mortuary slab with a gruesome shotgun wound about the head, where defendant conceded location of the wound, and photograph did not include any part of locus of the crime and was too far in time and space therefrom to have any independent probative value, trial court committed reversible error.[3]
In Young v. State, 234 So.2d 341 (Fla. 1970), the defendant contended that the trial court erred in allowing in evidence numerous photographs (45-22 showing all or portions of the victim's body after removal from the scene of the crime). The Court stated that many of the photographs were without question gory and gruesome. The Court concluded that reversible error was committed by introduction of an unnecessarily large number of inflammatory photographs, stating:
"The fact that the photographs are offensive to our senses and might tend to inflame the jury is insufficient by itself to constitute reversible error, but the admission of such photographs, particularly in large numbers must have some relevancy, either independently or as corroborative of other evidence.
* * * * * *
"The very number of photographs of the victim in evidence here, especially those taken away from the scene of the crime, cannot but have had an inflammatory influence on the normal fact-finding process of the jury. The number of inflammatory photographs and resulting effect thereof was totally unnecessary to a full and complete presentation of the state's case. The same information could have been presented to the jury by use of the less offensive photographs whenever *799 possible and by careful selection and use of a limited number of the more gruesome ones relevant to the issues before the jury."
In this case, as appellant had admitted the victim's death, how her death occurred, her identity and that a bullet went into her brain and did not come out, there was no fact or circumstance in issue which necessitated or justified the admission of the numerous gruesome photographs in question. Reversible error was committed by admitting them.
Over appellant's objection, a State's witness, a deputy sheriff, was permitted to testify that on the night before the victim's murder, while patroling "Blue Sink", identified as a "lover's lane" and problem area, he saw appellant's car in the area. The State contended and the trial court agreed that this was relevant as the victim in this case was murdered in another "lover's lane" area.
During final argument and over appellant's objection, the state's attorney argued that appellant raped the victim before he shot and killed her. Evidence had been adduced that sperm was found in the victim's vagina though the microanalyst could neither state whether the sperm was that of a black or white male nor how long the sperm had been in the victim's vagina. The victim was black and married and appellant was white. The trial court was of the opinion that the evidence was such that the state could properly infer and make such an argument to the jury.
The test of admissibility is relevancy and the test of inadmissibility is lack of relevancy. Relevancy of evidence relating to similar facts, which point to a commission of a separate crime, should be cautiously scrutinized before admitting.[4] Evidence of another crime, in no way connected by circumstances with the one for which a defendant is being tried, is inadmissible.[5] Evidence of facts solely relevant as to the character or propensity of a defendant is inadmissible.[6]
The State's evidence that on the night prior to the victim's murder appellant's car was seen by a deputy sheriff in "Blue Sink", a "lover's lane" of considerable repute, was clearly inadmissible as it not only failed to indicate that appellant was committing a crime but was unconnected by the circumstances with the charge of murder for which he was being tried, and just as clearly was adduced solely to attack the appellant's character or propensity which was irrelevant to the issues in this case.
Not only are the above rules of law applicable to the state's attorney's argument that appellant raped the victim just before he murdered her, but such argument was prejudicial to appellant as he was in effect being charged with a crime without notice and opportunity to prepare his defense prior to trial.[7]
The trial court's judgment is reversed and this cause is remanded for a new trial.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] Thomas v. State, 59 So.2d 517 (Fla. 1952).
[2] Reddish v. State, 167 So.2d 858 (Fla. 1964).
[3] Dyken v. State, 89 So.2d 866 (Fla. 1956).
[4] Williams v. State, 110 So.2d 654 (Fla. 1959).
[5] Green v. State, 121 Fla. 307, 163 So. 712 (Fla. 1935).
[6] Williams v. State, 143 So.2d 484 (Fla. 1962).
[7] Lucas v. State, 257 So.2d 261 (1 Fla. App. 1971).