334 So.2d 277 (1976)
Henry ORANGE, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1175.
District Court of Appeal of Florida, Third District.
May 11, 1976.
Rehearing Denied July 6, 1976.
Phillip A. Hubbart, Public Defender, and Elliott Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., PEARSON, J., and CHARLES CARROLL, (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
The appellant was convicted of the crime of sale or delivery of a controlled substance in violation of § 893.13(1)(b) Fla. Stat., F.S.A., and the crime of possession of a controlled substance in violation of § 893.13(1)(e). Separate sentences of three years imprisonment were imposed for the two offenses, with provision for the sentences to be served concurrently. The defendant appealed, and contends the court erred by imposing two sentences.
Separate sentences can be imposed for crimes committed in a single transaction. Steele v. Mayo, Fla. 1954, 72 So.2d 386 (grand larceny and breaking and entering with intent to commit grand larceny); Norwood v. Mayo, Fla. 1954, 74 So.2d 370 (the forging and the uttering of a forged instrument); Slater v. State, Fla. 1975, 316 So.2d 539 (murder and robbery); Estevez v. State, Fla. 1975, 313 So.2d 692 (breaking and entering with intent to commit grand larceny, and grand larceny); Jenkins v. Wainwright, Fla. 1975, 322 So.2d 477 (separate offenses of possession of a controlled substance).
However, when a defendant is convicted of two crimes committed in a single transaction and each of the crimes is a facet of the same transaction, it has been held repeatedly that sentence should be imposed for only one of the crimes, being that of the highest offense charged.
*278 The latter principle was applied in a number of cases involving convictions of two or more offenses in violation of the lottery law which were regarded to be facets of one transaction. See Mixon v. State, Fla. 1951, 54 So.2d 190; Williams v. State, Fla. 1953, 69 So.2d 766; Wheeler v. State, Fla. 1954, 72 So.2d 364; Norwood v. State, Fla. 1956, 86 So.2d 427; Tribue v. State, Fla.App. 1958, 106 So.2d 630; Sharon v. State, Fla.App. 1963, 156 So.2d 677; Wells v. State, Fla.App. 1964, 168 So.2d 787.
The principle also has been applied repeatedly in cases similar to the instant case, where defendant has been convicted of sale of a controlled substance and also of possession of the controlled substance, as a result of a transaction where the possession of which the defendant was accused was that which was incident to the delivery of possession made simultaneously or contemporaneously with the sale. Yost v. State, Fla.App. 1971, 243 So.2d 469; Easton v. State, Fla.App. 1971, 250 So.2d 294; Martin v. State, Fla.App. 1971, 251 So.2d 283; Torres v. State, Fla.App. 1972, 262 So.2d 458; Brown v. State, Fla.App. 1972, 264 So.2d 28; Gonzales v. State, Fla.App. 1972, 268 So.2d 552; Kwasniewski v. State, Fla.App. 1974, 303 So.2d 373. The lone case to the contrary in such situation is Parker v. State, Fla.App. 1970, 237 So.2d 253, decided by the First District Court of Appeal. However, in a later case, Martin v. State, supra, the First District Court of Appeal on this point held in accordance with Yost v. State, supra, and other cases cited above dealing with the subject.
In cases decided recently by the Supreme Court (Slater, Estevez, and Jenkins), upholding convictions and sentences for separate offenses committed in one transaction the offenses did not appear to be, or were held not to be facets of the same transaction. It is not clear whether by those decisions it was intended to overrule Yost and the cases following Yost. We are inclined to follow Yost and the other cases, holding sale, and possession contemporaneously with the sale, are facets of the same transaction, in the absence of a definitive ruling by the Supreme Court rejecting those cases.
Lending support to this holding is the circumstance that the offenses involved here are not made crimes by separate statutes, both being provided for in subsection (1) (a) of § 893.13 Fla. Stat., F.S.A.
On the convictions for the two crimes in this case only one sentence should have been imposed. Since the sale of the controlled substance represented the higher of the crimes charged, the sentence imposed for the conviction of possession is hereby set aside. In other respects the judgment is affirmed.