PER CURIAM.
Defendant, Mercer Scott, appeals a sentence of fifteen years in the state penitentiary following an order revoking his probation.
Defendant was informed against as follows:
Count I — sale of cocaine on November 1, 1974;
Count II — possession of cocaine on November 1, 1974;
Count III — sale of heroin on November 1, 1974;
Count IY — possession of heroin on November 1, 1974;
Count V — sale of cocaine on November 4, 1974;
Count VI — possession of cocaine on November 4, 1974.
*267 He pled guilty and received a sentence of one year in the county jail on Count I and five years probation on each of the remaining Counts. Subsequently, an affidavit of violation of probation was filed and after hearing, defendant’s probation was revoked and he received a sentence of fifteen years imprisonment on Counts II-VI. This appeal from the sentence ensued.
Defendant first argues that the sentence, imposed with respect to Counts III— VI is illegal because the heroin and cocaine he possessed on November 1 and 4, 1976, respectively, were the same heroin and cocaine he sold on those dates; Counts III and IV and V and VI being a facet or phase of a single transaction, only one sentence as to each of the two combined counts could have been imposed. Yost v. State, 243 So.2d 469 (Fla.3d DCA 1971). Orange v. State, 334 So.2d 277 (Fla.3d DCA 1976).
A review of the record reveals that defendant has not included a transcript of the hearing where testimony was presented to prove the subject offenses of sale and possession. The record having failed to substantiate that a single transaction was involved, no error has been made to appear. See Brown v. State, 110 So.2d 94 (Fla.3d DCA 1959); Suiero v. State, 248 So.2d 219 (Fla.4th DCA 1971). Further, assuming ar-guendo that the record substantiated defendant’s claim of a single transaction, then sentence should have been imposed only for the higher offense; in this case, sale of the cocaine and heroin. Nevertheless, defendant received the same probationary term on all counts and the probation sentences on Counts III and V (as well as Count II) were valid. Thus, the order revoking probation was proper.
Defendant also argues that the sentence to fifteen years is invalid because it is a general sentence.
Since general sentences are no longer proper and may not be imposed by the trial court, we hereby vacate the sentence and remand the cause to the trial court for resentencing. See Dorfman v. State, 351 So.2d 954 (Fla.1977).
So ordered.