PEARSON, Judge.
Howard Waters was found guilty by a jury of (1) robbery (three counts), (2) unlawful possession of a firearm during a criminal offense, (3) unlawful possession of a firearm by a convicted felon and (4) attempted first degree murder. He was adjudged guilty and sentenced to three consecutive ninety-nine year prison terms for robbery, a thirty year concurrent term for attempted first degree murder, and a withheld sentence on the two possession counts. On this appeal, three points are presented. The first urges reversal because the State failed to make discovery pursuant to the invoked reciprocal discovery rule ’in violation of Florida Rules of Criminal Procedure 3.220(a)(l)(iii) and 3.220(f). We find error and reverse.
The principal issue for the jury to determine in this case was whether or not the defendant was identified as the person who perpetrated the crimes with which he was charged. A witness for the State was De-landrea Humóse. Delandrea was the girlfriend of the defendant. Early in the investigation of the case, she gave a sworn statement which would have been exculpatory to the defendant in that it would have *980 materially aided his contention that he was not the person involved. Delandrea subsequently gave two sworn statements to the prosecutor and defense counsel respectively. In both of these statements, she recanted her former sworn statement to the police and stated entirely different circumstances. But these circumstances would not have been inculpatory to the defendant. Two days prior to trial, the State induced Delan-drea to take a polygraph test resulting in a completely different statement by the witness and which, in addition, resulted in a revelation by her that the defendant had made statements which, if true, would show that the defendant (1) was present at the scene of the crime and (2) induced the witness to make the first, false statement to the police. There is evidence in the record that the prosecuting attorney, instead of complying with the provisions for mutual discovery, withheld the information that Delandrea had changed her story from that given the defense attorney. The record further reveals that on one occasion, the prosecuting attorney informed the defense attorney “. . . that he had a surprise . ” for him and that he further informed the attorney that he had no new statement from the witness Delandrea Hu-móse.
As a result of the State’s failure to comply with the mutual discovery rule, defense counsel not only received the promised surprise but also stumbled into a statement by the witness that her testimony was now true because she had taken a polygraph test which ha.d confirmed it.
The trial judge conducted a hearing on the State’s failure to make discovery of the new statement by the witness and ruled that the State had not breached its duty, thereby interpreting the cited rules as applying only to written statements. This conclusion was in error and the breach of the State’s duty to make continuing discovery resulted in reversible error. See Cumbie v. State, 345 So.2d 1061 (Fla.1977); Stradtman v. State, 334 So.2d 100 (Fla. 3d DCA 1976); and Fla.R.Crim.P. 3.220(a)(l)(iii). It is with reluctance that the court orders a new trial in a case already extensively tried and one resulting in a jury verdict which would otherwise be supported by the evidence. But there is no way to secure a fair trial under the rules for every defendant except to apply those rules to every defendant.
It is not necessary to discuss the remaining points presented. Nevertheless, for the guidance of the trial court in retrying this cause, it is well to point out that this court would hold that reversible error was presented by appellant’s third point in that the court unnecessarily allowed evidence of defendant’s bad character and criminal propensity by admitting evidence of the defendant’s prior conviction for robbery. See State v. Harris, 356 So.2d 315 (Fla.1978), citing Shargaa v. State, 102 So.2d 814, 816 (Fla.1958), and Beagles v. State, 273 So.2d 796 (Fla. 1st DCA 1973).
Accordingly, the judgment and sentence are reversed and the cause remanded for a new trial.