380 So.2d 1181 (1980)
Robert BASS, a/K/a Charles R. McConaha, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2187/T4-240.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
*1182 Richard L. Jorandby, Public Defender, and Gary S. Israel, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
UPCHURCH, Judge.
Defendant was convicted in the Circuit Court of Brevard County on two counts of sexual battery by coercing the victim with threats of more serious injury, and one count of kidnapping.
The first question which we shall address is whether the trial court erred in sentencing Appellant separately for two counts of sexual battery. The issue on which this question turns is whether this activity was a single criminal transaction, or episode.
The victim was employed delivering newspapers on an early morning route. Deliveries were made from her automobile. At about 4:45 a.m. she stopped to open a vending machine; as she reached the machine she found she had the wrong key. She returned to her car as defendant stopped his automobile diagonally in front of her car. He threatened her, forced her into the car with him and drove off in spite of her protests that her baby was in the car with the door open and the engine running.
While driving to a more isolated spot defendant required the victim to remove her clothes and to perform oral sex. After reaching his destination, he then raped her. Although other acts took place and there were other counts, no convictions as to those counts resulted. Further recitation of the sordid facts would serve no purpose in consideration of the merits of this appeal.
Appellant contends that the activity occurring while defendant was driving and after coming to a stop occurred during one continuous course of events. He contends that Section 775.021, Florida Statutes (1979)[1] requires there to be a violation of two separate statutes before he can be held guilty of separate offenses. Here defendant was charged under a single statute, Section 794.011(4)(b).
Williams v. State, 349 So.2d 800, (Fla. 2d DCA 1977), involved possession of a controlled substance with intent to deliver, and delivery of a controlled substance. The court held that Count II would be set aside because both crimes were a facet of the same transaction. See also Orange v. State, 334 So.2d 277 (Fla. 3d DCA 1976).
*1183 In the Williams and Orange cases, supra, the acts were committed together, there was no separation in time. Each crime was part and parcel of the other. In the case before this court, defendant forced the victim to commit one act upon him while driving his car. He then forced her to commit another act after reaching his destination which, while sexual battery and falling within the same statute, was of a separate character and type. Had defendant released his victim after commission of the first episode there is no doubt that he could be charged and convicted of sexual battery. The same result would be obtained as to the second episode had it occurred on the following day. In the case before us, the time interval between one act and the other was minimal, but nevertheless was sufficient to separate one episode or criminal transaction from the other.
The second question which will be considered is whether the trial court erred in adjudging Appellant guilty of both sexual battery and kidnapping where the kidnapping was incidental to the sexual battery. The use of the word "incidental" is Appellant's. In this case the removal of the victim was not incidental and no part of the removal constituted an element of either act of sexual battery. In Harkins v. State, 380 So.2d 524 (Fla. 5th DCA, 1980), this court construed Section 787.01, Florida Statutes as not including movement or confinement that is inconsequential or inherent in the nature of the felony. In the case before us, the abduction was neither inconsequential nor inherent in either sexual battery.
AFFIRMED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] § 775.021(4) Florida Statutes. Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.