POWELL, R.W., Associate Judge.
The state appeals an order dismissing with prejudice the information filed against Peragine because of a discovery violation by the assistant state attorney in failing to timely disclose verbal statements made by Peragine. We reverse.
The salient facts are that on October 10, 1983, an information was filed against Per-agine charging him with sexual battery by use or threat of a firearm and use of a firearm in the commission of a felony. On October 28, Peragine’s counsel filed a written demand for discovery which included a specific request for all written. and oral statements made by Peragine.[1]
On Friday, January 19, 1984, the assistant state attorney handling the case learned for the first time of additional verbal statements Peragine made to Investigator Hegenwald, but she did not disclose them to Peragine’s counsel. The following Monday, January 23, a jury was selected for trial to commence Thursday, January 26.
On Wednesday, January 25, the day before trial was to commence, Peragine’s counsel spoke with Investigator Hegen-wald by telephone[2] and was told of the existence (but not the contents) of verbal statements made to him by Peragine in addition to the written statement. Counsel immediately filed a motion to dismiss. Later that morning, the assistant state attorney received a copy of Hegenwald’s report containing the verbal statements and gave it to counsel.
At a hearing on the motion to dismiss held that afternoon, Peragine’s counsel argued that the assistant state attorney’s violation was willful and that “it throws my whole defense out the window. It changes the whole strategy of the defense and voir *1259 dire.”[3] Counsel asserted that his client was irreparably prejudiced and requested dismissal. The assistant state attorney admitted she became aware of the verbal statements the preceding Friday, but claimed that she did not realize the impact of them[4] and that her attention had been focused on logistical arrangements for the out-of-town victim and her sister. The assistant state attorney further observed that the sheriff had an “open file” policy and counsel could have obtained a copy of the report upon mere request. She also stated that Investigator Hegenwald would be in her office available for deposition after the hearing, and suggested that exclusion of the statements, not dismissal, would be the proper remedy. In his order granting dismissal with prejudice and discharging Pera-gine, the trial judge found that the violation was willful, substantial and that Pera-gine had been irreparibly prejudiced and that dismissal was the proper sanction. He subsequently denied the state’s motion for rehearing and to extend speedy trial.[5]
In State v. Del Gaudio, 445 So.2d 605, 608 (Fla. 3d DCA 1984), the Third District Court of Appeal in an expansive opinion on this subject stated:
Dismissal of an information or indictment is ‘an action of such magnitude that resort to such a sanction should only be had when no viable alternative exists.’ State v. Lowe, 398 So.2d [962] at 963 [Fla. 4th DCA 1981]. See State v. King, 372 So.2d 1126 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 758 (Fla.1980). Accord, United States v. Campagnuolo, 592 F.2d 852, 865 (5th Cir.1979) (‘The supervisory powers of a district judge ... allow him to impose the extreme sanction of dismissal of an indictment with prejudice only in extraordinary situations’); United States v. Miranda, 526 F.2d 1319, 1324 n. 4 (2d Cir.1975). The obvious rationale for limiting the sanction of dismissal of criminal charges to only those cases where no other sanction can remedy the prejudice to the defendant is to insure that the public’s interest in having persons accused of crimes brought to trial is not sacrificed in the name of punishing a prosecutor’s misconduct. And, of course, where the prosecutor’s failure to make discovery has not irreparably prejudiced the defendant, the sanction of dismissal punishes the public, not the prosecutor, and results in a windfall to the defendant. Because the rule authorizing the imposition of sanctions for discovery violation was ‘never intended to furnish a defendant with a procedural device to escape justice,’ Richardson v. State, 246 So.2d at [771] 774 [Fla.1971], even when a defendant has been tried and convicted without having been furnished discovery material to which he was entitled, and the material is thereafter disclosed and made available to him, the relief granted is not dismissal of the charges, but a new trial, Goldberg v. State, 351 So.2d 332 (Fla.1977); Waters v. State, 369 So.2d 979 (Fla. 3d DCA 1979), dismissed, 386 So.2d 642 (Fla.1980). Accord, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). (footnote omitted)
The court went on to say that
[W]here, unlike the present case, the discovery information or material is adverse to the defendant, the prejudice may be removed by prohibiting the State from introducing the material or calling the witness.
445 So.2d at 610, n. 6.
Like the court in Del Gaudio, we appreciate the trial court’s frustration with the *1260 assistant state attorney’s failure to make timely discovery. But we conclude that under the circumstances, prejudice could have been cured by a lesser sanction, such as excluding the verbal statements from evidence, and that the trial judge abused his discretion by ordering dismissal with prejudice.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.

. A written statement Peragine gave Investigator Hegenwald, the lead investigator in the case, was properly furnished and is not in issue here. The contents of this statement do not appear in the record.

. Hegenwald was never deposed by Peragine’s attorney.

. The voir dire was not included in the record. Peragine’s attorney did not specify how the verbal statements changed the strategy of the defense.

. The victim told the police that the suspect had a pistol. A box of .25 caliber pistol ammunition was found by the police in Peragine’s car after his arrest. Peragine never admitted to the police that he possessed a pistol. The verbal statements were that at first Peragine said he could not remember where he purchased the ammunition and then he later said he purchased it at a specified location.

. The order denying the state's motion to extend speedy trial was later reversed by this court.