PER CURIAM.
This is an appeal from (1) judgments of conviction and a concurrent seven-year sentence for attempted kidnapping and attempted sexual battery, and (2) a judgment of conviction and suspended sentence for indecent exposure. We affirm based on the following briefly stated legal analysis.
First, we see no error, as urged, in the trial court’s refusal to allow a challenge for cause as to two prospective jurors. Both jurors stated that they would base their verdict on the evidence and made no statements which, in our view, could be fairly interpreted as indicating a secretly-held contrary view. Parker v. State, 456 So.2d 436 (Fla.1984).
Second, we further see no error, as urged, in denying the defendant’s motion for judgment of acquittal on the attempted kidnapping charge. After attempting a sexual battery on the victim, the defendant dragged her up a canal embankment and unsuccessfully tried to get her in his car. This evidence was plainly sufficient to support an attempted kidnapping conviction because the defendant’s aforesaid effort to put the victim in this car (1) was not slight, inconsequential or incidental to the attempted sexual battery, (2) was not inherent in the crime of attempted sexual battery, and (3) lessened the risk of detection on the attempted sexual battery, thereby making it an act of some significance independent of the attempted sexual battery. Faison v. State, 426 So.2d 963, 966 (Fla. *689 1983); Harris v. State, 438 So.2d 1008 (Fla. 4th DCA 1983); Bass v. State, 380 So.2d 1181 (Fla. 5th DCA 1980).
Affirmed.