979 So.2d 1251 (2008)
Darrell Hosea WEATHERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-857.
District Court of Appeal of Florida, Fourth District.
April 30, 2008.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
In this case we write to address one issuewhether, in the midst of a jury trial, the trial court properly denied the defendant's motion to dismiss after the defendant learned that the state had violated the rules of discovery by failing to disclose the existence of a confidential informant. We find no abuse of discretion and affirm.
Darrell Weathers was convicted of selling a counterfeit controlled substance to an undercover police officer. At trial, the officer described his dealings with Weathers; the officer was the passenger in a car driven by a confidential informant. After the officer's testimony, the defense contended that the state had committed a discovery violation because it had failed to disclose that a confidential informant was an eyewitness to the crime. The prosecutor agreed that nothing in the discovery *1252 supplied to the defense indicated that a confidential informant was present at the buy. He explained that he had learned of the informant only the night before, after the jury had been sworn. The state told the judge that the informant was not available; the police tried to call her cell phone, but it had been disconnected. The prosecutor said that the officers were "working on other ways to notify" the informant.[1] Considering the remedy for the discovery violation, the trial judge indicated that "we are potentially talking about a mistrial."
After a lunch recess, the state told the court that the police had "exhausted all of the phone numbers and possible addresses" for the informant, without success. The court invited argument from both sides on the issue of a mistrial. The defense attorney said, "just so we're clear, we're not asking for a mistrial, we're asking for dismissal of the charge." The trial judge questioned the defense attorney and confirmed that she was asking for neither a mistrial nor a continuance; she wanted only "a flat-out dismissal." The court reserved ruling on the motion to dismiss and submitted the case to the jury.
After the guilty verdict, the court heard further argument on the motion to dismiss. The trial court found that the state's discovery violation was "substantial" but "inadvertent." The court recognized that had the defendant learned about the informant during discovery, he could have moved for disclosure of the informant under Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In the end, the court denied the motion for dismissal.
We affirm the trial court's decision not to dismiss the case. Faced with a party's discovery violation, a court
may order the party to comply with the discovery or inspection. . . ., grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
Fla. R.Crim. P. 3.220(n)(1). Dismissal of an information is such an extreme sanction that it should be used only "when no viable alternative exists." State v. Del Gaudio, 445 So.2d 605, 608 (Fla. 3d DCA 1984) (quoting State v. Lowe, 398 So.2d 962, 963 (Fla. 4th DCA 1981)); see also State v. Carpenter, 899 So.2d 1176, 1182-83 (Fla. 3d DCA 2005); State v. Peragine, 465 So.2d 1258 (Fla. 5th DCA 1985). The rationale for so limiting the sanction of dismissal of criminal charges "is to insure that the public's interest in having persons accused of crimes brought to trial is not sacrificed in the name of punishing a prosecutor's misconduct." Del Gaudio, 445 So.2d at 608.
As the trial court recognized, there were two viable potential sanctions in this caseto continue the trial to allow the state to locate and produce the informant or to grant a motion for mistrial. The defense attorney rejected both options. Faced with the state's discovery violation, a defendant cannot force the imposition of the ultimate sanction by rejecting lesser, more appropriate ones.
POLEN and MAY, JJ., concur.
NOTES
[1] Although the state was unable to locate the informant on the day of the trial, the police found her by the time of sentencing sixteen days later.