WIGGINTON, Chief Judge.
Appellant seeks review of an order rendered by the trial court denying his motion filed pursuant to the provisions of Criminal Procedure Rule 1.850, 33 F.S.A. to vacate and set aside a judgment of conviction and sentence rendered against him on November 21, 1963.
Appellant was charged with and convicted by a jury for the offense of murder in the first degree with a recommendation of mercy. On December 16, 1963, he was adjudged guilty and sentenced to a life term of imprisonment in the state prison. At no point in these proceedings was appellant adjudged insolvent, but on the contrary was represented throughout the trial and sentencing by attorneys of his own choice employed by him.
Neither appellant nor anyone acting on his behalf filed a notice of appeal from the judgment and sentence here assaulted. Instead, appellant wrote a letter to the chief judge of this court advising that although he had been represented by privately employed counsel during the trial, he was no longer financially able to con *815 tinue paying court costs and attorney’s fees, and for this reason his trial counsel had refused to represent him on an appeal which he desired to take from the final judgment of conviction and sentence. Appellant then proceeded to request this court to appoint counsel to represent him on the appeal, and to take the steps necessary to secure an appellate review of his judgment. Since no appeal was pending in this court, the court was without jurisdiction to entertain and act upon any motion or request by appellant concerning the appointment of counsel to represent him on appeal. In an effort to be helpful, however, the chief judge of this court wrote a letter to appellant’s trial counsel advising them of the substance of the letter received from appellant, and soliciting their willingness to consult with appellant and take such steps as would be necessary to establish appellant’s insolvency in the trial court in order that counsel might thereafter be appointed to represent him on his appeal. A copy of such letter was sent both to appellant and to the resident circuit judge of the court in which appellant was convicted. Neither appellant, his former counsel, nor anyone acting on his behalf, took any action as required by the statutes of this state to establish his insolvency before the trial court, the adjudication of which was a necessary prerequisite to appellant’s entitlement as an indigent defendant to the appointment of counsel to represent him at state expense in the prosecution of an appeal from his judgment and sentence.
The motion for post conviction relief against the 1963 judgment and sentence imposed on appellant was filed in the trial court on September 2, 1967. Appellant’s sole ground urged in support of his motion is that he was denied the right to the appointment of counsel to represent him on an appeal from his judgment of conviction rendered approximately four years earlier in the circuit court of St. Johns County. The public defender was appointed by the court to represent appellant, and the state attorney was directed to file a response to the motion setting forth the State’s position in reply to the contentions urged by appellant. Upon consideration of appellant’s motion for relief, and the response thereto filed by the State of Florida, the trial court rendered the order appealed herein which found that appellant was not entitled to the relief sought, and ordering that the petition be dismissed.
There can be no question but that an indigent defendant convicted of a felony in this state is entitled to have counsel appointed by the court to represent him at state expense in any appeal he may wish to take from his judgment of conviction and sentence, provided his right to counsel is not voluntarily and knowingly waived.[1] It is equally clear, however, that before a convicted defendant is entitled to the appointment of counsel to represent him on an appeal, he must first take the steps required of him by law to establish his in-digency by filing with the court an affidavit of insolvency and asking for an adjudication thereon and the rendition of an order finding him to be insolvent. Until this is done, and the question of indigency judicially established, there is no obligation resting upon the trial court to appoint counsel to represent a convicted felon. In the case sub judice the chief judge of this court, being without jurisdiction to entertain any proceedings in the premises, clearly pointed out to appellant the need for an adjudication of insolvency in the trial court so that court would be in a position to appoint counsel to assist him in his appeal. Neither appellant, nor his former counsel, nor anyone else acting on his behalf, followed the suggestions made to them, nor were any steps taken which would have led to and resulted in an adjudication *816 of insolvency. It cannot be said on the basis of this record that appellant’s desire to procure an appellate review of his judgment of conviction and sentence was either denied or frustrated in any manner by state action, or the failure of any officer or employee of the state to perform any duty devolving upon him in the premises. For this reason appellant is not entitled to have his motion to vacate judgment and sentence treated as a petition for writ of habeas corpus upon which a full appellate review might be had under the doctrine pronounced by the Supreme Court in Hol-lingshead v. Wainwright.[2]
Appellant having failed to demonstrate error, the order appealed is affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. DeMotte v. State (Fla.App.1967), 203 So.2d 662;
State v. Weeks (Fla.1964), 166 So.2d 892; Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, reh. den. 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 200.

. Hollingshead v. Wainwright (Fla.1967), 194 So.2d 577.