219 So.2d 421 (1969)
William D. McDANIEL, Sr., Petitioner,
v.
STATE of Florida, Respondent.
No. 38010.
Supreme Court of Florida.
February 12, 1969.
*422 William D. McDaniel, Sr. in pro. per.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for respondent.
HOPPING, Justice.
In 1963, Petitioner, William D. McDaniel, Sr., was indicted and convicted of first degree murder. The jury recommended mercy and the Court sentenced petitioner to life imprisonment. Petitioner was represented throughout his trial and all proceedings up to the time of sentencing by counsel employed by him.
After his sentence was imposed, but before the time for appeal had expired, petitioner wrote to the Chief Judge of the First District Court of Appeal, stating that he had become insolvent during his trial and that his attorneys advised him they could not pursue his appeal without a fee. He asked the District Court of Appeal to appoint an attorney to represent him on appeal. The Chief Judge of the District Court replied by writing a letter to petitioner's trial attorneys pointing out that it was not the practice of that court to appoint an attorney and that it would be necessary for petitioner to establish his indigency by appropriate proceedings before the trial court. The letter further stated:
"It occurred to me that under the circumstances you would probably be glad to consult with Mr. McDaniel and in his behalf take the appropriate steps to have him present to the Circuit Court the matter of his alleged insolvency and desire to have court-appointed counsel for appeal purposes and that is the object of this letter."
Petitioner and the trial court judge were favored with copies of this letter to petitioner's trial counsel. No affirmative action *423 was taken either by trial court judge or petitioner's former trial counsel.
On November 30, 1967, a supplementary petition to vacate and set aside petitioner's judgment and sentence was filed by the assistant public defender, alleging that failure to appoint appellate counsel for the petitioner after he had applied for counsel violated his rights under the Constitutions of the State of Florida and the United States. This supplementary petition, filed in the Circuit Court for St. Johns County, was treated as an application for relief under Florida Rules of Criminal Procedure, Rule 1.850, 33 F.S.A. The trial court denied this petition holding that since the petitioner did not file his appeal within the time provided by law the allowance of an appeal at this late date would impose an unauthorized cost burden upon the county. Petitioner, through the assistant public defender, thereafter sought review of this trial court determination in the First District Court of Appeal, which affirmed the trial court's dismissal. The District Court's opinion (see McDaniel v. State, 212 So.2d 814, Fla. 1st DCA, 1968) reviewed the facts of the case and went on to point out that when the letter of the Chief Judge was sent to petitioner advising him of his rights, neither petitioner, his former counsel, nor anyone acting in his behalf took any action to establish his insolvency before the trial court, the adjudication of which was a necessary prerequisite to the appointment of counsel to represent him on appeal. The main thrust of the District Court's holding in this case was that although an indigent defendant is entitled to have counsel appointed by the court represent him on appeal, it is equally clear that before he may secure such counsel he must first take steps required of him to establish his indigency and until this is done there is no obligation resting upon the trial court to appoint counsel to represent him on appeal.
Petitioner brings the instant action by filing his petition for writ of habeas corpus with this Court.
It is now clear that an indigent has a right guaranteed under both the equal protection clause and the due process clause, to appellate counsel. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). However, when an accused is represented at trial by his own counsel, his status before the court is not that of an indigent and thus the trial judge need not appoint appellate counsel or make inquiries as to indigency. Should indigency come to a convicted defendant wishing to appeal, the burden is upon his shoulders to so inform the Court. As the court stated in Pate v. Holman, 341 F.2d 764, 775 (5th Cir.1965):
"* * * For a petitioner to be entitled to post-conviction relief, it is not enough to show that indigency occasioned the petitioner's inability to employ counsel or to appeal; the petitioner must show that the State deprived him of his Fourteenth Amendment rights. State action is shown when a responsible official in the State's system of justice rejects a request for counsel or fails to take proper steps toward appointment of counsel for a convicted defendant when he has knowledge of the defendant's indigency and desire for appellate counsel. When an accused person retains counsel on the original trial, the State may rely on the presumption that the accused's lawyer will protect his client's rights on appeal. But that presumption is rebuttable."
We are satisfied, however, that petitioner did rebut this presumption in the instant case. His letter to the Chief Judge, written two days after his sentencing, served notice on the appellate court most immediately involved of his new status as an indigent. The Chief Judge's response in the form of letters to trial counsel and trial court passed on this notice to the very court in which indigency had to be established.
We think that sufficient state action was involved. The Chief Judge's reply to petitioner's letter clearly pointed out to the *424 trial court, petitioner's alleged indigency and his desire to have counsel appointed for the purpose of an appeal. The trial judge should have acted to ascertain petitioner's indigency and to protect his rights on appeal.
We are convinced that petitioner, currently serving a life imprisonment sentence due to his conviction below, should have the merits of an appeal adjudged by an appropriate appellate court. Obviously, the passage of time has effectively foreclosed normal review through the appellate process. F.A.R. 6.2, 32 F.S.A.; State ex rel. Ervin v. Smith, 160 So.2d 518 (Fla. 1964).
However, in similar exceptional circumstances, this court has held that when orderly appellate review has been rendered unavailable and an appeal within the period and in accordance with procedures provided by law has not been afforded, yet justice demands appropriate remedy, we may take steps to avoid deprivation of due process. Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967); accord, Beto v. Martin, 396 F.2d 432 (5th Cir.1968).
We do not overlook the well-established rule that ordinarily habeas corpus is not available as an alternative or substitute for an appeal. But the instant circumstances require its use as a vehicle for the securing of substantial justice.
In accordance with this concept, the petition for writ of habeas corpus previously granted is discharged, but without prejudice to petitioner's right to seek habeas corpus in the District Court of Appeal, First District, wherein any errors that might have taken place during or before his trial may be reviewed.
It is so ordered.
PER CURIAM.
The foregoing opinion and judgment by HOPPING, J., prepared by him prior to the expiration of his term of office on January 6, 1969, is hereby adopted as the opinion and judgment of this Court.
It is so ordered.
ERVIN, C.J., and ROBERTS, THORNAL and CARLTON, JJ., concur.
DREW and ADKINS, JJ., dissent.