PER CURIAM.
The appellant, Clinton Gerald Brown, was charged by information with robbery. He pleaded not guilty and waived trial by jury. Upon trial, the court found him guilty of robbery and sentenced him to eight years in the state penitentiary.
Appellant’s first contention on appeal is that the trial judge committed reversible error in failing to grant a continuance of the trial so that the defendant could make further efforts to obtain private counsel. We cannot agree. The appellant was represented by private counsel for a period of time prior to trial. His private counsel was allowed to withdraw and the public defender was appointed to represent him at trial. The record clearly shows that appellant’s constitutional rights were fully protected and that the court did not abuse his discretion in denying the continuance to the defendant. Jarvis v. State, 115 Fla. 320, 156 So. 310.
Appellant’s second contention is that the trial judge erred in suggesting that if a continuance were to be granted that the bail bond would be raised from One Thousand to Ten Thousand Dollars to cover both cases. We find this contention to be without merit. The record shows good cause for the position taken by the trial judge with regard to increasing the amount of the bond. The court may, for good cause, increase the amount of bail or require additional bail. 4 Fla.Jur. Bail and Recognizance, §§ 32, 33, 35. In the case sub judice there was only an expression by the trial judge that he was inclined to raise the amount of the bond.
We have carefully considered the record on appeal, briefs and arguments of counsel and have concluded that no harmful error has been made to appear. Accordingly, the judgment and sentence appealed are affirmed.
Affirmed.