260 So.2d 212 (1972)
Sinclair JOHNSON, Alias "Cuz", Appellant,
v.
STATE of Florida, Appellee.
No. P-209.
District Court of Appeal of Florida, First District.
March 23, 1972.
Rehearing Denied April 24, 1972.
Richard W. Ervin, III, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
CARROLL, DONALD K., Judge.
The appellant was charged by one count of an amended information with the possession of the narcotic drug heroin and by a second count with the sale of heroin, and has appealed from his judgment of conviction and sentence.
The principal question presented for our determination in this appeal is whether, when a defendant is convicted of possession and sale of a narcotic drug and the evidence of possession and sale involves the same transaction, the trial court is precluded from imposing separate consecutive sentences for the sale and the possession.
After the appellant was convicted of possession of heroin on September 20, 1970, under the first count of the said information and the sale of heroin on the same date under the second count, the trial court sentenced the appellant to four years imprisonment under each count, the sentences to run consecutively.
Our examination of the transcript of the trial testimony shows that the convictions under both counts were based upon the same transaction or occurrence.
In our opinion, this appeal is controlled by the recent decision of the District Court of Appeal, Third District of Florida, in Yost v. State, 243 So.2d 469 (Fla.App. 1971), involving a substantially identical legal situation. In that case the defendant was charged in the first count with unlawful sale of marijuana on August 9, 1969; in the second count with unlawful sale of marijuana on August 12, 1969; in the third count with unlawful possession of marijuana on August 9, 1969; and in the fourth count with unlawful possession of marijuana on August 12, 1969. The evidence showed that the defendant made two sales of marijuana on August 9 and 12, 1969. Like in the present case, the marijuana allegedly possessed on the specified date was the same as sold on that date. Our sister court affirmed the convictions but remanded the cause for re-sentencing, saying:
"In Florida, where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence may be imposed; and the sentence which should be imposed is for the highest offense charged."
We think that the trial court's error in imposing the subject sentences was compounded *213 by providing that the said sentences should run consecutively, instead of concurrently.
Upon the authority of the Yost case, supra, we reverse the sentence on the first (possession) count and affirm the sentence on the second (sale) count, without the necessity of bringing the appellant before the trial court for re-sentencing.
Affirmed in part and reversed in part, with directions.
SPECTOR, C.J., and WIGGINTON, J., concur.