SALFI, D. J., Associate Judge.
Appellant was charged with breaking and entering a dwelling house with intent to commit a felony, to wit: rape. The crime occurred on the 28th of May 1967 and the information was filed on June 1, 1967. A jury returned a verdict of guilty as charged on the 6th day of September, 1967. The defendant attempted to appeal his judgment and sentence and signed his notice of appeal, (which was filed in proper person) on December 2, 1967 or within the 90 day appeal time. However, because he was in jail he was unable to get his signature notarized immediately and, as a result, did not get the notice of appeal filed until December 6, 1967 or 91 days after *432 judgment. This Court, lacking jurisdiction, dismissed the appeal.
Thereafter, defendant filed two separate pro se petitions for writ of habeas corpus both of which were denied for failure to allege grounds for relief. Thereafter, this petition was filed which merely restated previous grounds which again are insufficient, but the State took the position that proper grounds do exist and could be alleged and that the defendant should be granted a delayed appeal by habeas corpus based on Powe v. State, Fla.1968, 216 So. 2d 446; and McDaniel v. State, Fla.1969, 219 So.2d 421.
This Court agrees with the position of the State and for our own satisfaction have, on the 5th day of March 1971, ordered a habeas corpus proceeding for full appellate review on the authority of Hollingshead v. Wainwright, Fla.1967, 194 So. 2d 577. Having now examined the record and the brief filed on appeal, we find no basis for a reversal of the judgment and sentence and for that reason we deny the petition for writ of habeas corpus.
Early in the morning on the 28th day of May 1967, a man identified as the defendant entered the bathroom window of the house of a Mrs. Smith, a 72 year old woman who was home alone because her husband was in the hospital. Mrs. Smith was awakened from a deep sleep by a hand over her mouth and an arm across her throat. She was told not to scream and that she would not be hurt but the defendant just wanted to have sexual relations with her. During the ensuing 20 minutes the defendant attempted three times to enter Mrs. Smith. During these occasions his head was within inches of her face. Mrs. Smith kept a bright night light in each of two bathrooms always lit. One bathroom was some 4 to 5 feet from her bed and the other bathroom was some 8 to 9 feet from her bed. The victim, Mrs. Smith, had no doubt in her testimony concerning the identity of the defendant as the one who was in her bed that morning.
On that same morning a police officer saw the defendant running on the border of an open area about 2x/% to 3 miles from the scene of the crime. Because the officer knew the defendant he gave him a ride home. On that same morning the defendant’s mother’s automobile was found abandoned bogged down in mud about 50 feet off the road in dense brush about 3 or 4 blocks from the scene of the crime. There was also testimony presented by a fingerprint expert who checked the scene between 6 and 7 A. M. on the morning of the crime and on the basis of a palmprint comparison, identified latent prints lifted off the window sill of the victim’s house as being the defendant’s.
The defendant relies upon two points for reversal of the jury verdict. The victim, Mrs. Smith had been shown a picture of the defendant the day before the trial and was told that the picture was of the defendant whom she would be asked to identify during the trial. Such action by the State, the defendant contends, violates the requirement of due process as set forth in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.
The net effect of these foregoing decisions is that any violation of a defendant’s right to due process of the law in pretrial identification procedures is dependent upon a finding that the totality of the circumstances surrounding the identification give rise to a substantial likelihood, of misidentification.
The record in this case reveals even during extensive and capable cross-examination that the victim of this attempted rape relied upon the picture made in her mind on that morning rather than any showing of a photograph the day before trial.
*433 “Q Would you have been able to positively identify this defendant here if you had not been shown that photograph yesterday ?
“A Yes, his eyes.”
The facts, as related by this witness, particularly the proximity of the defendant to the victim during the crime; the fact that the defendant put himself on top of her on three separate occasions; and the total time involved in the perpetration of this crime all lend credibility to the identification of the defendant, not to mention the other corroborative evidence presented, i. e., fingerprints, automobile, and defendant’s proximity to the scene of the crime.
We think the trial judge could reasonably infer that Mrs. Smith’s courtroom identification is based on her observation of the defendant’s facial characteristics during the attempted rapes and not upon her seeing a photograph prior to trial. Vance v. State of North Carolina, 4 Cir. 1970, 432 F.2d 984; Ward v. Wainwright, 5 Cir. 1971, 450 F.2d 409.
On defendant’s second point he contends that he was entitled to a continuance in order to give him a chance to obtain private counsel. The record reveals that the information was filed on June 1, 1967 and the defendant was arraigned on June 15, 1967. There is nothing presented in the record as to the date that the defendant was appointed counsel because of his inability to afford private counsel but it is apparent that it occurred prior to the June 15 arraignment date. Defendant’s trial date was set at arraignment for July 11, 1967. Although the record does not reflect why, the case was not brought on for trial until September 5, 1967, or over three months after the charges were filed. It was only after the Court had begun the trial that the defendant, for the first time, made known his desire to remove the public defender and, further he stated, “I want to know, is it possible I get my trial set to a later date.” It should be noted that defense counsel was prepared to proceed with the trial and did give the defendant a very vigorous and comprehensive defense.
After the jury was sworn in, again the defendant requested to obtain private counsel and to continue the trial. This time, the request was in more detail but it was evident from the dialogue that the defendant. was under the erroneous impression that the public defender was not really his attorney. “This guy, [Assistant Public Defender] is getting paid by the State. The jury recognizes he is the prosecutor for the State.”
Questions of continuances, as a general rule, rest within the sound discretion of the trial judge. The judge is charged with the responsibility of running his court docket and seeing that cases get an early trial consistent with a fair and orderly disposition of any particular case. We see no abuse of this by the lower court in the instant case. There is no showing that the defendant did not receive a complete and adequate defense or that he was prejudiced in some particular because of being represented by the Public Defender office. In fact, just the opposite appears to be true. No error being found, the petition for writ of habeas corpus is denied.
Affirmed.
CROSS and OWEN, JJ., concur.