325 So.2d 427 (1976)
Dennis Sylvester ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. W-120.
District Court of Appeal of Florida, First District.
January 26, 1976.
*428 Carlton P. Maddox, Dawson, Galant, Maddox, Sulik & Nichols, Frederic A. Buttner, and Joseph W. Howard, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
TENCH, BENJAMIN M., Associate Judge.
The parties will be referred to as in the Court below.
After trial by jury Defendant was convicted of possession and sale of heroin and sentenced to two concurrent 5-year terms in the Division of Corrections. He raises three points on appeal.
First, he contends that the trial court erred in denying him a continuance.
Defendant was represented by two members of the Bar, one of whom was a former state attorney who several months previously had signed the Information charging the Defendant and who had been retained to assist in representing him only on the morning of the trial. After the jury was sworn in, the trial court, was advised that Defendant did not want the services of his remaining counsel, who nevertheless announced that he was ready for trial. *429 The record is silent as to any motion for continuance, with the exception of a reference to some conversation in chambers, but it reflects that there had been a delay of two weeks during which Defendant had opportunity to retain counsel acceptable to him. The trial court insisted the cause proceed.
The granting of a continuance is within the discretion of the trial court. Riggins v. State, 283 So.2d 878 (Fla.App. 1st (1973); Robinson v. State, 256 So.2d 29 (Fla.App. 3rd 1971). A denial of a motion for continuance based on a request for additional time to secure counsel has been held not to be an abuse of discretion. Fuller v. Wainwright, 268 So.2d 431 (Fla. App. 4th 1972); Brown v. State, 224 So.2d 789 (Fla.App. 3rd 1969). We hold the trial court committed no error.
The Defendant's second point on appeal is that the trial court erred in admitting in evidence a package containing the heroin which was the substance of the alleged violation. Defendant argues that because two officers had keys to the receptacle in which the arresting officer placed the heroin the chain of custody had been broken. He further argues that the State did not adequately negate the possibility of the exhibit to which he objects having been tampered with while in the custody of the forensic chemist. In each instance the State's witness testified that there had been no tampering with the evidence, and each testified that when it left his possession it was in the same condition as when he received it. In the face of such testimony, which was not shaken on vigorous cross-examination, we hold the trial court committed no error. Stevens v. State, 245 So.2d 92 (Fla.App. 1st 1971); Bernard v. State, 275 So.2d 34 (Fla.App. 3rd 1973); Wilson v. State, 293 So.2d 81 (Fla.App. 3rd 1974).
The federal courts have spoken upon this matter and support our view. In Gallego v. United States, 276 F.2d 914 (9th Cir.1960), the court adopted the rule that where no evidence indicating otherwise is produced, the presumption of regularity supports the official acts of public officers, and courts presume that they have properly discharged their official duties.
We hasten to add that while we do not find error, neither do we grant the imprimatur of our approval to the manner in which the State presented its case, which at best can only be referred to as loose.
Third, Defendant argues that it is error to sentence him to two concurrent 5-year sentences where he is charged with the crimes of unlawful possession and sale of narcotic drugs, which two offenses grow out of the same transaction and are based on the same facts. We agree. Where an information contains more than one count, but each is a part of the same transaction only one sentence should be imposed, and that sentence should be for the highest offense charged. Yost v. State, 243 So.2d 469 (Fla.App. 3rd 1971); Torres v. State, 262 So.2d 458 (Fla.App. 3rd 1972). See also, Shaw v. State, 264 So.2d 95 (Fla.App.1st 1972); Brown v. State, 264 So.2d 28 (Fla.App. 1st 1972) and Johnson v. State, 260 So.2d 212 (Fla.App. 1st 1972).
Affirmed in part and reversed in part and remanded for further action consistent with this opinion.
MILLS, Acting C.J., and DREW (Ret.), Associate Judge, concur.