424 So.2d 137 (1982)
Johnny Diamond HELTON, Appellant,
v.
STATE of Florida, Appellee.
No. AK-480.
District Court of Appeal of Florida, First District.
December 28, 1982.
Terry P. Lewis, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order whereby he was convicted and sentenced for two counts of unlawful possession of a controlled substance. We find that appellant has failed to present any point of reversible error, and we therefore affirm the order appealed.
Appellant contends that the state failed to establish a proper "chain of custody" as a predicate for the admission of demonstrative evidence. However, while the chain of custody shown was somewhat imprecise,[1] there is no indication that the evidence was tampered with or otherwise altered and it was therefore not error to admit the exhibits into evidence. See Robinson v. State, 325 So.2d 427 (Fla. 1st DCA 1976); also see Stevens v. State, 245 So.2d 92 (Fla. 1st DCA 1971). We also note that defense counsel did not pursue any cross *138 examination on this issue or otherwise explore the discrepancy in the state's evidence.
Appellant also contends that prosecutorial comment during closing argument infringed appellant's constitutional protection against self-incrimination, thereby requiring a new trial. Comment upon the defendant's failure to testify is of course improper. See Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), reh. denied 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730. However, prosecutorial comment upon a general lack of defense evidence is permissible. See Smiley v. State, 395 So.2d 235 (Fla. 1st DCA 1981); also see Crook v. State, 391 So.2d 362 (Fla. 1st DCA 1980). We find that the comment in the present case, by way of reply to defense counsel's closing argument,[2] does not impermissibly infringe upon appellant's right against self-incrimination.
Accordingly, the order appealed is affirmed.
McCORD and BOOTH, JJ., concur.
NOTES
[1] The state's evidence involved a discrepancy regarding the identifying number of the locker in which the evidence was placed and subsequently retrieved.
[2] During closing argument defense counsel noted that only an undercover police officer had testified and that the state had not submitted any testimony from other persons who were present during an alleged drug transaction involving appellant. The prosecutor replied during his closing argument by indicating that one of the persons who was present is a friend of appellant and would not testify, and the prosecutor further stated that "Johnny Helton [the appellant], is he going to be here to testify for the state? Certainly not." The remark, in context, is not directed to the defendant's silence but only to the obvious predictability of a defendant not testifying for the state. See David v. State, 369 So.2d 943 (Fla. 1979), as to inapplicability of the harmless error doctrine when a comment is fairly susceptible of being regarded by the jury as a reference to defendant's failure to testify.

While we have determined that such a comment, in the circumstances of this case, does not require a new trial, we note that such remarks are ill-advised and we do not condone the choice of that prosecutorial argument.