GLICKSTEIN, Judge,
concurring in part and dissenting in part.
In my view, the petition for habeas corpus should not have been considered as *560 such. First, it did not comply with section 79.01, Florida Statutes (1983), as there was no showing of any unlawful detainment through affidavit or other evidence. The transcripts attached as an appendix are nothing more than unsworn dialogue of attorneys and others with two circuit judges. Second, the Supreme Court of Florida said by way of footnote in Potvin v. Keller, 313 So.2d 703, 705 n. 2 (Fía.1975), that habeas corpus is not a substitute for appeal of a juvenile court’s order but would be available as a remedy if the trial court’s adjudication of dependency was unconstitutional.[7]
Moreover, the petition seeks other relief, assumingly certiorari, because of an alleged departure from the essential requirements of law, occasioning harm without adequate remedy by appeal, notwithstanding that section 39.413, Florida Statutes (1983), provides for appeal from any order entered pursuant to Chapter 39.
Finally, the petitioners have waited until July 17, 1984, to seek review of orders dated April 25, 1984, and May 8, 1984, notwithstanding the real issue seemingly arises out of a hearing that took place on June 8, 1984, from which no written order has apparently emanated. Section 39.-411(5), Florida Statutes (1983), plainly requires that all orders be in writing.
Notwithstanding the foregoing, I would sua sponte direct the trial court, by way of mandamus, to conduct an evidentiary hearing to adjudicate the issue of dependency as it should have done weeks ago. The alternative would seem to be contrary to the interest of justice; namely, denying the petition without prejudice to seek appeal from any order which the trial judge should issue hereinafter as a result of the hearing of June 8,1984. Neither the welfare of the child nor the interests of the parents may be consistent with further delay.
Having discussed my notion of appropriate disposition, I wish to visit other aspects of this case. First, I was initially concerned by the following remark made by the acting circuit judge who apparently was thrown into the breach because of the absence of the regularly assigned circuit judge.
You know, I’m concerned that there’d be an adjudication here, based on nothing. I mean it’s really based on nothing that I can see.
In its report, the child protection team concluded the infant had been the recipient of probable inflicted injury that had resulted in a life threatening situation. The team recommended that the infant be adjudicated dependent and that the parents be evaluated psychologically. Assumingly, the judge’s remark was based upon the absence of any evidence or affidavits, as the report contained no affidavits; and no one testified under oath. We have repeatedly called for evidence under oath, not un-sworn conversation, in the making of a record at the trial level.
*561 Second, I gather from the transcript that no witnesses were asked to appear because the parents, at that point not represented by counsel, had consented verbally to the team’s recommendations on the day prior to the hearing. That consent apparently evaporated at the hearing, at which point it was the responsibility of the trial court, and all attorneys then or thereafter involved, to effect a timely evidentiary adjudicatory hearing. Such hearing never took place, leaving the child’s status vis a vis the parents in limbo. The uncertainty and lack of judicial resolution in this case, I feel, not only have affected the rights of the infant and its parents but may also become a potential source of frustration often experienced by non-legal professionals who spend their careers seeking judicial protection of children. It appears that while the child protection team may have done alot of work in response to the report of the infant’s condition, the judicial system did not hold up its end by staying in gear.
Third, if our courts have to be characterized, I would much prefer that they be described as meaningfully responding to the needs of the district’s children. It is no secret that the historical sensitivity of this nation to children is not shown in a flattering light when one learns that there was a Society for the Prevention of Cruelty to Animals before a similar Society for the Prevention of Cruelty to Children. The judiciary should be at the forefront as role models in matters involving those unable to protect or speak for themselves. All judges would do well, for example, to be familiar with the writings of Dr. C. Henry Kempe, who first diagnosed the battered child syndrome, and who represents the major wellspring of learning in the field of physical and sexual abuse of children. All of us trial and appellate judges should be aware of the work of child protection teams; informed of these team’s caring, concerned efforts to protect children from alleged abusive adults; and prepared, not only to require the necessary proof of abuse, but also to conduct proceedings with efficiency, informed perception and concern together with the appearance of concern.

. Former Chief Justice Grimes of the New Hampshire Supreme Court often lectures on the lack of necessity for footnotes. While he might say this case is illustrative of his point, nevertheless, I respectfully suggest that there are appropriate uses for such appendages. Hopefully, this procedural discourse may be illustrative. The reliance of the majority opinion upon McDaniel v. State, 219 So.2d 421, 424 (Fla.1969), as authority for permitting the use of habeas corpus "as a vehicle for the securing of substantial justice” appears inappropriate in this case because in McDaniel there were circumstances foreclosing adequate consideration through appeal. There are no circumstances in this case which would have precluded appeal from a written order to be entered by the regularly assigned circuit judge as a result of the hearing of June 8, 1984.
Additionally, while Crane v. Hayes, 253 So.2d 435 (Fla.1971), which the majority also cites as authority for use of habeas corpus, points out that petitions for habeas corpus may be informal and need not be subject to the niceties of technical pleading, the case also says that the important issue is whether the petitioner has demonstrated a right to relief. Unsworn allegations in the present petition supported only by transcribed unsworn dialogue at hearings and without any supporting affidavits or stipulations, together with the express language of the above statute, lead me to believe that habeas corpus is inappropriate.