PER CURIAM.
Appellants challenge their convictions and sentences based on trafficking in me-thaqualone and possession of cannabis. Finding that the trial court did not err in denying appellants’ motions for judgments of acquittal, Lynch v. State, 293 So.2d 44 (Fla.1974); Busch v. State, 466 So.2d 1075 (Fla. 3d DCA 1984); Greger v. State, 458 So.2d 858 (Fla. 3d DCA 1984); that substantial competent evidence exists to support the jury verdict, Toole v. State, 472 So.2d 1174 (Fla.1985); Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, — U.S.-, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); and that the prosecution established an adequate chain of custody, Peek v. State, 395 So.2d 492 (Fla.), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981); Helton v. State, 424 So.2d 137 (Fla. 1st DCA 1982); review denied, 433 So.2d 519 (Fla.1983); Stunson v. State, 228 So.2d 294 (Fla. 3d DCA 1969), cert. denied, 237 So.2d 179 (Fla.1970), we affirm. Appellants’ remaining point lacks merit.
Affirmed.