PER CURIAM.
Defendant appeals from an order of the trial court which found, in response to his “Motion for Emergency Relief,” that all his sentences which were imposed in three cases are to be concurrent except one. We reverse.
In case number 3206 defendant was sentenced on January 16,1985, to fifteen years for dealing in stolen property and five years for grand theft, the sentences to run concurrently.
In case number 4392 defendant was sentenced on August 23, 1985, to fifteen years for sexual battery, the sentence to run concurrently with the previous sentences.
In case number 1637 defendant was found to be a habitual offender and sentenced on October 30, 1985, to eight years for grand theft — auto. Apparently the Department of Corrections treated the eight year sentence as being consecutive to the other sentences, and defendant asked the trial judge to clarify his sentences.
We conclude that defendant’s argument is that the oral pronouncement of the trial court was that all sentences were to run concurrently and that the written eight year sentence does not conform to that oral pronouncement. The trial court, however, upon consideration of the foregoing motion determined that the eight year sentence was to be consecutive to the other sentences. We also conclude that the motion was, in effect, a motion to correct sentence pursuant to Fla.R.Crim.P. 3.850.
We cannot determine from the record before us whether defendant is entitled to relief. Therefore, we remand for the trial court to either furnish sufficient portions of the record to show that defendant is not entitled to relief, or hold an evidentiary hearing. If defendant thereafter desires to seek appellate relief, he must file a notice of appeal within thirty days.
Reversed and remanded.
DANAHY, A.C.J., and LEHAN and SANDERLIN, JJ„ concur.