698 So.2d 607 (1997)
Willie G. MASSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2508.
District Court of Appeal of Florida, Fifth District.
August 15, 1997.
James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Chief Judge.
It appears without dispute that, upon revocation of probation, the lower court orally pronounced a sentence of ten years in the department of corrections, with credit for time previously served and 133 days time served while awaiting trial but the written sentence omitted the "time previously served" credit. The state does not dispute the error but contends that in light of the Criminal Appeal Reform Act of 1996 and the supreme court's companion amendment to Florida Rule of Criminal Procedure 3.800(b), the defendant's failure to assert this error below within the time permitted by the rule precludes review. Prior to these events, regardless of whether the discrepancy had been raised below, such an error was routinely dealt with on direct appeal. Also, prior to the amendment to Rule 3.800, the prevailing view appears to have been that for post-conviction relief purposes this type of error was most properly considered under Rule 3.850, not Rule 3.800. See Pope v. State, 489 So.2d 883 (Fla. 2d DCA 1986). Although the broader language of the amendment will facilitate use of Rule 3.800 to correct such a mistake, it appears still to be subject to review under Rule 3.850. Consistent with the intent of the recent amendments to Rule 3.800, however, we agree that such an error should first be brought to the attention of the lower court by motion.
*608 Because this error arose shortly after the new legislation and while the rule amendments have been in flux, we deem it prudent simply to relinquish jurisdiction of this appeal to the lower court for thirty days from the date of this opinion during which appellant may file a motion and obtain the required correction. If the correction is made, this appeal will be moot. We also notify all concerned that from this point forward a claim that the written sentence fails to conform to the oral pronouncement must first be raised in the lower court.
JURISDICTION RELINQUISHED.
COBB and ANTOON, JJ., concur.