706 So.2d 943 (1998)
Michael Andre PEAVY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-17.
District Court of Appeal of Florida, First District.
March 6, 1998.
Nancy A. Daniels, Public Defender; Raymond Dix, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Timothy A. Freeland, Assistant Attorney General, Tallahassee, for appellee.
*944 WOLF, Judge.
Appellant challenges his two convictions for sexual battery without a deadly weapon on grounds that the evidence presented by the state was insufficient to prove lack of consent. We find no merit to this challenge and affirm the convictions and sentences.
Appellant also notes for the first time on appeal an error in the written judgment adjudicating him guilty of these offenses. The written judgment in this case adjudicates appellant guilty of the crime of sexual battery without a deadly weapon, but refers to section 794.011(3), Florida Statutes, which defines the crime of sexual battery with a deadly weapon. Appellant was sentenced after the effective date of section 924.051(3), Florida Statutes (1997) which states that "[a]n appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error." We remand to correct the asserted discrepancy in the judgment because the noted error is materially different than an alleged discrepancy between an oral pronouncement and a written judgment which would require preservation in the trial court before being addressed on appeal. See Davis v. State, 704 So.2d 681, 682 (Fla. 1st DCA 1997); see also Massey v. State, 698 So.2d 607 (Fla. 5th DCA 1997). The discrepancy in the written judgment in this case appears on the face of the judgment and seemingly adjudicates appellant guilty of offenses unsupported by the evidence presented at trial and of which the jury did not find him guilty. We find that such a discrepancy constitutes fundamental error which can be raised for the first time on appeal. On remand, the trial court should replace the reference to section 794.011(3), Florida Statutes (1995), in the judgment with the correct statutory reference to section 794.011(5), Florida Statutes (1995).
BOOTH and VAN NORTWICK, JJ., concur.