PER CURIAM.
We find no error in the defendant’s convictions but we must reverse the sentences imposed by the trial court and remand for a new sentencing hearing. The trial judge sentenced the defendant on three counts of sexual battery with a deadly weapon or the use of great force, a life felony under section 794.011(3), Florida Statutes. As to each of these counts, however, the defendant was found guilty of the lesser offense of sexual battery with threat of force likely to cause serious personal injury, a first-degree felony as proscribed by section 794.011(4). Although the defendant did not preserve the issue by an objection or rule 3.800(b) motion, we conclude that the error is fundamental. See Gayton v. State, 725 So.2d 1179, 24 Fla. L. Weekly D34 (Fla. 1st DCA 1998); Peavy v. State, 706 So.2d 943 (Fla. 1st DCA 1998). The error is not merely an error in scoring under the sentencing guidelines. Here, the defendant was sentenced for three life felony offenses, of which he was not convicted, when he should have been sentenced for three first-degree felony offenses.
Affirmed in part and reversed in part.
MINER, WOLF and PADOVANO, JJ„ CONCUR.