POLEN, J.
Tremayne Acoff was convicted of escape and resisting arrest without violence. He challenges one of the state’s peremptory strikes on the ground of racial bias, and also argues the court’s written judgment did not reflect the jury’s verdict. We affirm in part and reverse in part.
Acoff first argues that the trial court erred by permitting the prosecution to exercise a peremptory challenge to excuse an African-American juror over defense objection. Melbourne v. State, 679 So.2d 759 (Fla.1996) clarifies the process for challenging peremptory strikes of jurors on the grounds of racial bias, as follows:
A party objecting to the other side’s use of a peremptory challenge on racial grounds must a) make a timely objection on that basis, b) show that the venire-person is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court’s focus in step 3 is not on the reasonableness of the explanation but rather its genuineness.
Id. at 764 (footnotes omitted). Appellate courts on review should presume the strike was exercised in a nondiscriminatory manner and should affirm the court’s discretion and determination in this regard unless clearly erroneous. Id. at 764-65 (footnotes omitted).
Applying Melbourne to this case, we believe the state adequately complied with steps one and two by explaining to the court that the subject juror was a single, full-time working mother with five children who might sympathize with a potential defense witness who also was a single mother with four children. That was a race-neutral reason for the challenge. See King v. Byrd, 716 So.2d 831 (Fla. 4th DCA 1998)(holding as a race-neutral explanation supporting peremptory strike defendant’s argument that juror, an African-American woman, was a single mother with two small children who might identify with the plaintiff) (citation omitted). The court, rejecting Acoffs argument that the state’s explanation was pretextual, satisfied the third step by sustaining the strike. See Johnson v. State, 706 So.2d 401, 403 (Fla. 3d DCA 1998)(“There is nothing in Melbourne which requires trial judges to articulate their thought process on the issue of pretext.”) (citation omitted). Thus, we affirm on this issue.
*210 The state concedes, and we agree, that reversal of the written judgment and sentence on the resisting charge is required. While the jury convicted Acoff of resisting arrest without violence, the court’s written judgment reflects he was adjudicated of resisting arrest with violence. This was error. See Griffin v. State, 705 So.2d 572, 574 (Fla. 4th DCA 1998); Peavy v. State, 706 So.2d 943, 944 (Fla. 1st DCA 1998). Accordingly, we remand for resentencing on the resisting without violence charge.
AFFIRMED in part; REVERSED in part and REMANDED.
WARNER, C.J., and STONE, J., concur.