764 So.2d 640 (2000)
Eric MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D97-3071.
District Court of Appeal of Florida, First District.
April 25, 2000.
Rehearing Denied June 21, 2000.
*641 Nancy A. Daniels, Public Defender; and Steven A. Been, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief; Carolyn J. Mosley, Assistant Attorney General; *642 and Beth Blechman, Chief Assistant Statewide Prosecutor, Tallahassee, for Appellee.
BROWNING, J.
The State of Florida charged Eric Miller (Appellant) with 141 counts comprising racketeering, organized fraud, financial institution fraud, securities fraud, and money laundering. A second amended information added 7 counts of grand theft and 1 count of racketeering but reduced the total number of counts to 68. Additional counts were eliminated for other reasons; finally, 2 counts of racketeering, 7 counts of grand theft, and 23 counts of securities fraud went to the jury, which returned guilty verdicts on all counts except for 1 count of securities fraud. The trial court adjudicated Appellant guilty and sentenced him to 12 years in prison, to be followed by 10 years of probation, with substantial costs imposed. On appeal, Appellant contends that the lower court erred as follows: by ruling that Appellant lacked good cause to discharge his court-appointed counsel and by requiring Appellant's replacement attorneys to go to trial unprepared without a continuance; by finding that the statement of particulars provided by the State was sufficient; and by issuing a written judgment of sentence that does not accurately reflect the jury's verdicts and the court's oral pronouncements regarding the degree of the felony in five of the counts. Finding no reversible error in the rulings on Appellant's motion to discharge court-appointed counsel, motions for continuance, and request for a better statement of particulars, we affirm Appellant's conviction. Although we affirm Appellant's sentences too, we remand with instructions that the trial court correct the written judgment of sentences on the five counts that inaccurately state the degree of the felony. See Hudson v. State, 732 So.2d 422 (Fla. 1st DCA 1999).
Over the period from Appellant's October 1995 arrest to his sentencing in late July 1997, he was represented by at least six attorneys. About 18 months after his arrest, 7 months into his representation by court-appointed counsel Mr. Banks, and 5 weeks before the scheduled start of trial, Appellant moved to discharge Banks and sought a 30-day continuance. Appellant alleged that counsel lacked experience in the specialized areas of law involved in this case, that he had not prepared an adequate defense, and that he had not hired experts to assist him. Attorney Banks filed a written response in which he attempted to refute the allegations and to demonstrate that he was prepared to go to trial. Banks asserted that the challenge of preparing an adequate defense was exacerbated by Appellant's own dilatory tactics, lack of good faith in communicating information, and failure to cooperate.
The trial court held two Nelson[1] hearings, where the issues raised in the motion to discharge and in counsel's response were thoroughly discussed. Appellant was permitted to explain in full his several reasons for seeking to discharge court-appointed counsel. Appellant added allegations that Banks was disloyal and had disclosed information protected by the attorney-client privilege. As incompetency was the underlying allegation in the motion, the trial court questioned Appellant and Banks before deciding whether or not there was reasonable cause to believe that counsel was not rendering effective assistance to his client. See Nelson, 274 So.2d at 258-59. The court consistently indicated its intent, barring unforeseen circumstances, to begin the trial in mid-May 1997 according to schedule, and Appellant clearly expressed his understanding that this was the plan.
At the first hearing, the court found that court-appointed counsel had done what he could to prepare adequately for trial, and that Appellant lacked good cause to discharge him. Subsequently, in response to Appellant's intermittent comments suggesting *643 his desire to represent himself, the court conducted a Faretta[2] inquiry addressing Appellant's educational level, experience with litigation, and competency to handle the case himself, and "the dangers and disadvantages of self-representation." Id., 422 U.S. at 835-36, 95 S.Ct. 2525. Appellant eventually agreed to keep Banks on the case until replacement counsel could be hired. The court stayed depositions and other proceedings for one week to afford Appellant time to hire a lawyer. Sometime between the two hearings, Appellant filed a grievance against Banks with The Florida Bar.
At the second hearing, Appellant renewed his motion to discharge counsel and reiterated his wish to represent himself. At the end of the hearing, the court determined that Appellant had knowingly, intelligently waived his right to counsel, and Banks was discharged. See State v. Bowen, 698 So.2d 248 (Fla.1997). Having found that Banks had performed "yeoman's service" in representing Appellant adequately, the trial court refused to appoint replacement counsel. See Nelson, 274 So.2d at 259. The court reiterated its intent to start trial on schedule, and Appellant informed the court of his plan to hire another attorney with funds supplied by his family. The hearings on the motion to discharge concluded about two weeks before trial was set to begin.
About a week after these hearings, two attorneys, Messrs. Stafman and Cook, notified the trial court that they had been retained by Appellant, subject to the condition that the trial be continued because they could not be ready in five days. They requested a continuance. The statewide prosecutor representing the appellee objected on the grounds that Appellant was engaging in delaying tactics and that the State would have difficulty rescheduling its witnesses, many of whom were physicians located in areas of Florida outside Leon County. The motion for continuance was denied. With less than a week before trial was set to begin, Appellant formally retained Stafman and Cook to represent him, with no indication that the court was willing to postpone the start of trial. Immediately before trial, replacement counsel renewed their request for a continuance on the grounds that they needed additional time to prepare an adequate defense. The prosecutor asserted that any lack of preparation on counsel's part was the result of Appellant's own calculated strategy to avoid going to trial. The court refused to grant a continuance, on the ground that Appellant could have hired replacement counsel sooner.
Just before trial, Stafman and Cook filed a motion for bill of particulars alleging that every count of the amended information was fatally defective for failing to give sufficient notice of the facts underlying the crimes with which Appellant was charged. After the motion was granted, the State furnished a statement of particulars. Defense counsel's objection to the statement as insufficient was denied.
In his first issue on appeal, Appellant argues that the trial court erred in ruling that Appellant lacked good cause to discharge court-appointed counsel and in requiring replacement counsel to begin trial according to the original schedule, without affording them adequate time to prepare a defense. The right to counsel guaranteed by the Sixth Amendment embodies the right to reasonably effective assistance of counsel. See United States v. Cronic, 466 U.S. 648, 654, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Burnside v. State, 656 So.2d 241 (Fla. 5th DCA 1995). The "right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Standing by itself, a defendant's generalized loss of confidence or trust will not justify withdrawal of counsel. *644 See Johnston v. State, 497 So.2d 863 (Fla. 1986); Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996). However, Appellant's discharge motion included sufficient allegations of incompetency to warrant further scrutiny. See Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.1988); Nelson.
After carefully examining the motion to discharge, Banks' written response, and the ample record of the motion hearings, which included questioning of, and testimony by, both Appellant and Banks, we conclude that the trial court conducted a proper and adequate inquiry before finding that Appellant lacked good cause to discharge court-appointed counsel under Nelson and Hardwick. The United States Supreme Court in Strickland recognized that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." 466 U.S. at 689 & 691, 104 S.Ct. 2052. Absent reasonable cause to believe, upon consideration of all the circumstances, that Banks was providing ineffective assistance, the trial court correctly advised Appellant that the State was not required to appoint a substitute lawyer. See Nelson, 274 So.2d at 259. "A court's ruling on a discretionary matter will be sustained unless no reasonable person would take the view adopted by the court." Quince v. State, 732 So.2d 1059, 1062 (Fla.1999). As reasonable persons could differ over the challenged ruling, Appellant has not shown an abuse of discretion. See Howell v. State, 707 So.2d 674, 680 (Fla.1998); Davenport v. State, 596 So.2d 92, 94 (Fla. 1st DCA 1992).
The subsequent denial of replacement counsel's motions for a continuance immediately prior to trial is subject to the "abuse of discretion" standard of review. See Loren v. State, 518 So.2d 342 (Fla. 1st DCA 1987); McKay v. State, 504 So.2d 1280 (Fla. 1st DCA 1986); Pittman v. State, 360 So.2d 1138 (Fla. 1st DCA 1978). "[O]nly an unreasoning and arbitrary `insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." Morris v. Slappy, 461 U.S. 1, 11-12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983), quoting Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). "The organic right to be represented by counsel necessarily carrie[s] with it the right to have a reasonable time in which to prepare for trial." Brooks v. State, 176 So.2d 116, 118 (Fla. 1st DCA 1965). However, "there is no specified time period which establishes as a matter of law a lack of preparation on the part of counsel so as to mandate a continuance." Cox v. State, 354 So.2d 957, 958 (Fla. 3d DCA 1978). Previously we have set forth certain factors to be considered in determining whether the denial of a continuance was error due to a lack of adequate time to prepare a defense:
1) the time actually available for preparation, 2) the likelihood of prejudice from the denial, 3) the defendant's role in shortening preparation time, 4) the complexity of the case, 5) the availability of discovery, 6) the adequacy of counsel actually provided, and 7) the skill and experience of chosen counsel and his pre-retention experience with either the defendant or the alleged crime.
Smith v. State, 525 So.2d 477, 479 (Fla. 1st DCA 1988); McKay, 504 So.2d at 1282. Having reviewed the circumstances that led to the discharge of court-appointed counsel and the hiring of replacement counsel in light of the seven Smith/McKay factors, we find no abuse of discretion in the lower court's adhering to the scheduled starting date of trial. Appellant was afforded effective assistance of counsel at all critical stages of the proceedings below. Thus, the refusal to grant a continuance in this case is not reversible error. See Robinson v. State, 325 So.2d 427 (Fla. 1st DCA 1976).
In his second issue on appeal, Appellant contends that the statement of particulars *645 is insufficient as a matter of law. See State v. Covington, 392 So.2d 1321 (Fla.1981). The denial of a motion for a better bill of particulars is a matter resting within the sound discretion of the trial court. See Elkins v. State, 212 So.2d 53 (Fla. 3d DCA 1968). The rule governing charging documents states in pertinent part:
(b) Nature of Indictment of Information. The indictment or information on which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.
Fla. R.Crim. P. 3.140(b). Another section of this rule states:
(n) Statement of Particulars. The court, on motion, shall order the prosecuting attorney to furnish a statement of particulars when the indictment or information on which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable the defendant to prepare a defense. The statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney, including the names of persons intended to be defrauded. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant.
Fla. R.Crim. P. 3.140(n). Replacement counsel requested and got a statement of particulars. Having carefully reviewed the statement, we conclude that Appellant has failed to demonstrate that no reasonable person could take the position of the trial court in not requiring a more specific statement. Thus, the lower court did not abuse its discretion. See Quince.
The trial court orally adjudicated Appellant guilty in accordance with the jury's verdicts. However, the written judgment of sentence indicates that the felonies set forth in Counts 3, 28, 46, 50, and 53 have different degrees from those felonies of which the jury found him guilty, as reflected on the jury's verdict forms. The guilty verdicts in Counts 3, 28, 46, and 50 show second-degree grand theft, whereas the written judgment convicts Appellant of first-degree felony grand theft in those counts. The guilty verdict in Count 53 shows second-degree grand theft, whereas the written judgment reflects third-degree grand theft. In his third issue on appeal, Appellant argues that where the face of the record clearly demonstrates that he was sentenced for four first-degree grand thefts and one third-degree grand theft in those counts, when he should have been sentenced for five second-degree felonies, the error is fundamental. He is correct. See Hudson, 732 So.2d at 422; Peavy v. State, 706 So.2d 943 (Fla. 1st DCA 1998). We remand with directions to the trial court to correct the written judgment of sentence so that it reflects the correct degree of felony in Counts 3, 28, 46, 50, and 53 in accordance with the jury's verdicts and the court's oral pronouncements.
We AFFIRM Appellant's conviction and sentence and REMAND with instructions to the trial court to correct the written judgment of sentence.
MINER, J., CONCURS and BENTON, J., CONCURS IN RESULT.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[2] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).