998 So.2d 1175 (2008)
James J. JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2634.
District Court of Appeal of Florida, Fifth District.
December 24, 2008.
*1176 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, C.J.
James Jackson (defendant) appeals his judgment and sentence which were entered by the trial court after a jury found him guilty of committing the crimes of possession of a firearm by a convicted felon and carrying a concealed firearm. Determining that the trial court abused its discretion in denying the defendant's motion for a continuance, we reverse.
In March of 2007, the defendant was charged with committing the crimes of possession of a firearm by a convicted felon and carrying a concealed firearm. The Public Defender's Office was initially appointed to represent the defendant; however, on June 19, 2007, the trial court entered an order permitting the Public Defender's Office to withdraw and appointing private counsel to represent the defendant. The matter proceeded to trial twenty-two days later.
At the start of the defendant's trial, defense counsel requested a continuance, advising the trial court that he was appointed to represent the defendant just weeks prior to the date of trial and that there was a police report missing from the discovery file. Defense counsel noted that the prosecutor had been trying to locate the report, since the report apparently had information concerning where the firearm was found at the time of the defendant's arrest. Defense counsel also stated that he would like to have the opportunity to depose the officer who authored the police report in order to ascertain if the report was ever filed. The prosecutor explained to the court that he had filed two requests for the officer's report with the police department, but had received no reply. Defense counsel continued that the prosecutor also just showed him a second police report which he had not received in the discovery handed over to him by the Public Defender's Office. The prosecutor then advised the court that he had no objection to defense counsel's request for a continuance, stating that it appeared that defense counsel was operating in good faith. The trial court denied the motion for continuance.
After trial, the jury found the defendant guilty as charged. The trial court entered judgments in accordance with the jury's verdict and sentenced the defendant to concurrent terms of four years' imprisonment. This appeal timely followed.
The defendant argues that the trial court reversibly erred in denying his motion for continuance. We agree.
In Trocola v. State, 867 So.2d 1229, 1230-1231 (Fla. 5th DCA 2004), our court explained that a trial court's ruling on a motion for continuance is subject to an abuse of discretion standard of review:
As a general rule, the denial of a motion for continuance is within the sound discretion of the trial court, and the action of the court will not be disturbed on appeal unless there is a clear showing *1177 that there has been a "palpable" abuse of discretion to the disadvantage of the accused, or, unless the rights of the accused might have been jeopardized by the continuance determination. [Citations omitted.] Still, criminal defendants and counsel are entitled to a reasonable time to prepare for trial. [Citations omitted.] The "common thread" connecting cases finding a "palpable" abuse of discretion in the denial of a continuance seems to be that defense counsel must be afforded a reasonable opportunity to investigate and prepare any applicable defenses. [Citation omitted.] "This right, however, is not absolute. At some point, the right bends before countervailing interests involving the effective administration of the courts." McKay [v. State, 504 So.2d 1280, 1282 (Fla. 1st DCA 1986)].
Here, the trial court reversibly erred in denying defense counsel's request for continuance since, due to no fault of his own or the defendant, defense counsel was forced to proceed to trial unprepared. In Trocola, we held that, under similar circumstances, the trial court abused its discretion in denying a defense request for continuance when defense counsel had only recently been assigned to the case and was clearly not prepared for trial, the time available before trial was inadequate for proper preparation, the delays and hardships were not caused by the defendant, and the request for a continuance was the defendant's first.
Accordingly, we reverse the defendant's convictions and sentences, and remand for a new trial.
REVERSED and REMANDED.
GRIFFIN, J., concurs.
COHEN, J., dissents with opinion.
COHEN, J., dissenting.
I do not find the trial court abused its discretion in denying the motion for a continuance and would affirm. Jackson was arrested for carrying a concealed firearm. At his initial appearance, the trial court revoked Jackson's bond from an earlier, pending case and set no bond on the new charges. Probable cause was found based upon the arrest affidavit stating that a gun was found on Jackson's person, although the affidavit was unclear as to which deputy actually located the weapon. According to the trial testimony, the firearm was located and secured by Deputy Hoffman, whose name was included in the arrest affidavit as well as on the State's witness list.
The public defender was appointed to represent Jackson and filed a written plea of not guilty and subsequently, a Motion for an Adversary Preliminary Hearing, pursuant to Florida Rule of Criminal Procedure 3.133(b). They were successful in obtaining a bond that Jackson was able to secure. Following his release, Jackson was once again arrested on a new charge, which resulted in the trial court revoking the bond on the firearm charge.
Shortly before trial, Jackson sent a letter to the trial judge asking for a "certified bar lawyer." Jackson blamed the public defender for his confinement and according to the letter, "got angry and threw my file on the floor and told Mr. Via (the assistant public defender assigned to the case) to get the f____ off my case." Mr. Via accordingly filed a motion to withdraw, claiming a conflict with Jackson. The trial court granted the motion and appointed a new attorney just prior to the pre-trial conference. This new attorney did not file a written motion for continuance at the pre-trial conference. It was not until the morning of trial that new counsel made an ore tenus motion for a continuance.
*1178 As the majority points out, there were issues involving what reports were provided to new counsel from the public defender's office. These issues related back to the ambiguity in the initial probable cause affidavit as to which of the deputies listed actually seized the firearm. However, the identity of the deputy is not dispositive because there was never any dispute that law enforcement claimed to have taken the weapon from Jackson's person. Jackson denied possessing the firearm and argued that the weapon had been lying where he was arrested or was planted by the police. The jury rejected those arguments.
Nothing in the record reflects any deficiency in counsel's performance at trial. Other than general platitudes, nothing was alleged much less borne out by the conduct of the trial that demonstrates Jackson was prejudiced by the denial of the continuance. Any lack of preparation stemmed from Jackson's actions in manufacturing a conflict with the office of the public defender late in the case. Consequently, Jackson cannot meet his burden of showing that the denial of his motion for continuance was a "palpable abuse of discretion," Fennie v. State, 648 So.2d 95, 97 (Fla. 1994), that "clearly and affirmatively appear[s] in the record," Magill v. State, 386 So.2d 1188, 1189 (Fla.1980). Furthermore, I believe a review of the factors set forth in Miller v. State, 764 So.2d 640, 644 (Fla. 1st DCA 2000), counsels against finding an abuse of discretion.