# Third District Court of Appeal

## State of Florida

Opinion filed February 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1147
Lower Tribunal No. 16-11036A
_____

**Luis Gomez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan S. Fine, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Philip L. Reizenstein, Chief Assistant Regional Counsel, for appellant.

Ashley Moody, Attorney General, and Gabrielle Raemy Charest-Turken, Assistant Attorney General, for appellee.

Before SALTER, SCALES, and MILLER, JJ.

MILLER, J.

In this direct appeal, appellant Luis Alberto Gomez claims he received ineffective assistance of counsel. "Because appellant's claims are not apparent on the face of the record, they must be addressed by motion for post-conviction relief." Latson v. State, 193 So. 3d 1070, 1071 (Fla. 1st DCA 2016), citing Beazley v. State, 148 So. 3d 552, 554 (Fla. 1st DCA 2014) ("Generally, a claim of ineffective assistance of counsel may not be raised on direct appeal."); see also Aversano v. State, 966 So. 2d 493, 494-95 (Fla. 4th DCA 2007) ("With rare exceptions, ineffective assistance of counsel claims should be raised in a motion for post-conviction relief because they are generally fact-specific."); Corzo v. State, 806 So. 2d 642, 645 (Fla. 2d DCA 2002) (ineffective assistance of counsel claims may be considered on direct appeal only "when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation of the conduct is inconceivable.").

Appellant further asserts that the trial court committed reversible error by failing to conduct a Nelson[1] inquiry prior to proceeding to trial. After carefully reviewing the record, "we conclude that the trial court conducted a proper and adequate inquiry before finding that [a]ppellant lacked good cause to discharge court-appointed counsel under Nelson." Miller v. State, 764 So. 2d 640, 644 (Fla. 1st DCA 2000).

---

[1] Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).

With regard to the remaining claims of error, as trial counsel made no specific and contemporaneous objections and the asserted errors "did not permeate or saturate the trial with such basic invalidity as to lead to a reversal regardless of a timely objection," we conclude that affirmance is warranted. Brown v. State, 124 So. 2d 481, 484 (Fla. 1960) (articulating the standard for fundamental error); see also Steinhorst v. State, 412 So. 2d 332, 338 (Fla. 1982) ("Furthermore, in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.").

For the foregoing reasons, we affirm appellant's convictions and sentences.

Affirmed.